## JOHN W: OWEN *v.* S. H. FOWLER.

POSSESSION OF LAND—WHAT PROOF NECESSARY TO RECOVER.—In order to entitle a plaintiff in ejectment to recover, he must show a right to the possession in himself, and a possession in the defendant, at the time the action is brought, and if he fails to establish either proposition he cannot recover.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The judgment in the Court below was rendered against Josiah Wing, Josiah Wing, Jr., W. P. McCord, John Clark, D. W. McCollum, and S. H. Fowler. Fowler alone appealed.

The other facts are stated in the opinion of the Court.

*M. H. Wheaton*, for Appellant, cited *Garner* v. *Marshall*, 9 Cal. 268, and *Klink et al.* v. *Cohen et al.*, 13 Cal. 623.

*Whitman & Wells,* for Respondent, cited *Vallejo* v. *Fay,* 10 Cal. 377; *Guy* v. *Hanly,* 21 Cal. 397; *Lick* v. *Stockdale,* 18 Cal. 219.

By the Court, SANDERSON, C. J.

This is an action of ejectment brought against a large number of defendants who, as it appears from the record, severally occupied separate and distinct portions of the general tract of land described in the complaint. The complaint was filed on the 11th day of April, A. D. 1860, but the summons was not served until the 13th day of February, A. D. 1861. The defendant filed a special answer, containing—first, the general issue, and second, a plea of the Statute of Limitations. In the latter plea the defendant admits that he is "now" in possession of a small portion of the land described in the complaint, and in defense of that portion he invokes the aid of the statute. This plea was doubtless defective in not describing the land; and, for the purposes of this decision, it will be disregarded, and the answer held to be only a plea of the general issue.

The land described in the complaint embraces the site of Suisun City, in Solano County. The evidence was taken before a referee appointed by the Court for that purpose. After the report of the referee, and before the trial, the action was dismissed by the plaintiff, upon his own motion, as to several of the defendants, only two of whom, in connection with the present case, it is material to mention, viz: Goodwin and Edwards. The first was served with summons, but the latter was not. At the time the action was brought, Goodwin, as appears from the testimony, was in possession of the west half of Lot 2, in Block 11 of said city. Edwards was in possession of Lot 3, in Block 5, and the defendant, Fowler, was in possession of an undivided interest in Lot 1, in Block 15. At the time the suit was brought the defendant occupied a room in Goodwin's house for lodging purposes only, and boarded at some other place. But, as clearly

appears from the testimony, he neither had nor claimed to have any interest whatever in Goodwin's lot, and neither exercised nor claimed to exercise any control or acts of ownership over the same. Several months after the complaint was filed, and before the summons was served, Edwards sold and conveyed his lot to the defendant, Fowler, who soon after went into possession, and continued in possession until the trial. Fowler's interest in Lot 1, in Block 15, was sold and conveyed to him by the plaintiff himself, long prior to the commencement of the suit.

Upon this state of facts the Court, having tried the case without a jury, rendered a judgment, as against Fowler, for the whole tract described in the complaint. On motion for a new trial, the Court first required the plaintiff to release the defendant's interest in Lot 1, Block 15, (the same conveyed by plaintiff to Fowler before the suit was brought,) and then denied the motion. So the effect of the judgment, as it now stands, is to deprive the defendant of the possession of the Edwards lot only.

It is difficult to perceive upon what ground this judgment can stand. In order to entitle a plaintiff in ejectment to recover, he must show a right to the possession in himself, and a possession in the defendant, at the time the action is brought, and if he fails to establish either proposition he cannot recover. The defendant, as clearly appears from the testimony, was not in possession of the Edwards lot until long after the action was commenced. The judgment is erroneous and must be reversed.

The judgment is reversed and the Court below directed to render judgment in favor of defendant.

Mr. Justice RHODES expressed no opinion.