JAMES HAWKINS *v.* JOHN A. REICHERT; F. D. COTTLE *v.* JOHN A. REICHERT.

AGAINST WHOM EJECTMENT MUST BE BROUGHT.—The action to recover the possession of real estate must be brought against the person who at the commencement of the action is the occupant and withholds possession.

SAME—WHEN OCCUPANT IS SERVANT OF ANOTHER.—Where the occupant is a mere servant or employé, his occupation may be the occupation of his employer, and if so, the employer should be made the defendant in ejectment.

PLEADINGS IN EJECTMENT.—If, in ejectment, the entry and ouster are denied in the answer, the withholding of possession at the commencement of the action is not admitted by the pleadings, although it be not specially denied.

WHEN NEW TRIAL SHOULD BE GRANTED.—If, on the trial, the Court finds from the evidence all the facts necessary to entitle the plaintiff to recover, and renders a judgment for plaintiff, and, upon a re-examination of the case on motion for a new trial, finds that a fact essential to plaintiff's recovery is not proved, it is the duty of the Court to grant a new trial.

FINDING FACTS ON MOTION FOR NEW TRIAL.—The Court, if the evidence is conflicting, may, on a re-examination of the same on motion for a new trial, find the facts differently from what they were found on the trial, and on an appeal from an order granting or refusing a new trial, the latter finding will be conclusive of the facts of the case.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The Court on the trial found the following facts : " That on the 1st day of May, A. D. 1862, plaintiff was in the actual possession as owner in fee simple of the premises described in the complaint, and that plaintiff was lawfully entitled to the possession thereof at the time of the commencement of this action ; and that on said day defendant unlawfully entered and excluded plaintiff therefrom, and still withholds the possession thereof from the plaintiff;" and the statement on motion for a new trial embodied the evidence. From this statement on. the argument of the motion for a new trial, the Court found that the defendant was in possession of the premises by his tenant at the commencement of the action.

The defendant appealed from the order denying a new trial.

The other facts are stated in the opinion of the Court.

*Spencer & Jarboe*, for Appellant.

The Court, on motion for a new trial, found as a fact that the defendant was in possession by his tenant at the time the action was commenced.   The action not being against the tenant, a new trial should have been granted.

· *G. F. & W. H. Sharp*, for Respondent.

The omission to traverse Hawkins' averment of *actual* possession on the first day of May, 1862, was equivalent to a direct admission of the fact, the complaint being verified. (*Burke* v. *Table M. & S. Co.* 12 Cal. 403.)

By the Court, Rhodes, J.

The facts in each of these cases being quite similar, the actions were submitted together. What we shall say of the first case will be applicable to the second also. The action was ejectment; trial by the Court without a jury, and finding and judgment for the plaintiff. The defendant's motion for a new trial having been denied, he appeals. The Court, among other things, found that on a certain day, before the commencement of the action, the defendant unlawfully entered and excluded the plaintiff from the premises, and still withholds the possession thereof from the plaintiff. The error assigned is the ground specified in his motion for a new trial, which is that the evidence was insufficient to justify the finding that the defendant, at the commencement of the action, withheld the possession of the premises.

The doctrine is very clear that as the action lies only to recover the possession of the premises wrongfully withheld from the plaintiff, it must be brought against the person who, at the commencement of the action, withholds the possession—that is to say, it must be brought against the occupant. (*Garner* v. *Marshall*, 9 Cal. 270 ; *Burke* v. *Table Mountain Water Co.* 12 Cal. 403 ; *Dutton* v. *Warschauer*, 21 Cal. 609 ; *Fogarty* v. *Sparks*, 22 Cal. 148 ; *Owen* v. *Fowler*, 24 Cal. 192 ; *Lyle* v. *Rollins,* 25 Cal. 440.) The tenant—and not his landlord, unless he is also an occupant—should be made the defendant. (*Dutton* v. *Warschauer, supra.*) In this case the evidence is conflicting as to who was the occupant of the small portion of land in controversy at the commencement of the action. Some of the evidence tended to prove that the

defendant resided on another portion of the one hundred vara lot that includes the premises in controversy; that he moved the small wooden building back on to the premises—which seems to have been the beginning of the ouster—and was in possession and claimed the premises as his own at the commencement of the suit; that Mr. Klatt, who lived in the house that was moved upon the premises was but the servant of the defendant; that he was working upon the premises under the direction of the defendant, and moved the house under his orders.   On the other hand, the testimony tended to prove that Klatt was the tenant of the defendant, the defendant testifying positively that Klatt was his tenant, and other testimony tending to the same conclusion.   It will be readily seen that a mere servant or employé may, in one sense, have the occupation of the premises of which he has no control, and in which he claims no right, but his occupation is the occupation of his employer, within the meaning of that term, as employed when treating of the action of ejectment.   Conceding that Klatt was personally present and living in the house, it was still a question of fact for the Court to determine whether he was there in his own behalf or only and solely as the employé of the defendant.   In view of the apparent conflict in the testimony, we would not be justified, under the oft repeated rule applicable in such case, in disturbing the finding, although we might be of the opinion that the evidence, as it comes to us in the record, preponderated against the finding.

When the cause came up on motion for a new trial, the order was made by the successor in office of the Judge who heard the testimony, and on denying the motion he filed an opinion in which he says: " From the agreed statement it appears that the defendant was in possession by his tenant, at the commencement of this action; consequently the tenant was the person who should have been sued; yet under the pleadings the plaintiff was entitled to judgment for the possession of the premises without costs," and he ordered that a new trial be granted unless the plaintiff should enter a satis-

faction of the judgment as to costs. The motion was subsequently finally denied.

We think the learned Judge was in error in holding that the plaintiff was entitled to judgment on the pleadings, for the alleged entry and ouster are, as he remarked, controverted by the answer; and the entry being denied, it cannot be said that the withholding of the possession at the commencement of the action—and that is absolutely essential, to entitle the plaintiff to a recovery—stands admitted by the pleadings, for the withholding must have been preceded by an entry.

The Court, however, finds, from the statement on motion for a new trial, that at the commencement of the action the defendant was not the occupant of the premises, but that his tenant was. The same reasons and rules that forbid us to disturb the verdict or finding, when the evidence is conflicting, equally preclude us from reversing the order of the Court in the same or a similar case, either granting or refusing a new trial, which is asked for on the ground that the verdict or finding is contrary to the evidence. It is not the order that receives the protection of the rule, but rather the grounds upon which it is based—the finding, or the presumed finding of facts, made upon a re-examination of the evidence contained in the statement. The discretion which it is said, in so large a number of cases, the Court possesses, in granting or refusing new trials, has application in cases turning on the sufficiency or insufficiency of the evidence to justify the finding, not to the order itself, but to the determination or conclusion of the Court in respect to the facts established by the evidence, upon which the order is based. For example, if the Court has found for the plaintiff all the facts essential to his recovery, and if, upon a re-examination of the case, upon motion for a new trial, the Court arrives at the conclusion that the evidence, which is conflicting, does not prove a certain fact that is essential to a recovery by the plaintiff, the conclusion of the Court, drawn from the conflicting evidence, will not be disturbed—a very enlarged discretion being conceded to the Court in passing upon the weight of the testimony—but where the Court

has found that the evidence fails to establish the essential fact in question, the Court is bound to grant a new trial, and has no discretion to refuse it. Such we understand to be the case here. The Court, upon the hearing of the motion for a new trial, finds that the defendant was not the occupant of the premises at the time of the commencement of the action, but instead of granting a new trial on that ground, refuses a new trial for a reason, which we are of the opinion is not a sufficient reason. The Court had no discretion under such circumstances to refuse a new trial, though it had the discretion to attach such weight and conclusiveness to the several items of evidence bearing upon the point of occupation at the given time as it might deem proper. The Court must be satisfied that the fact is as alleged in the complaint—that the defendant withheld the possession at the commencement of the action— otherwise the plaintiff is not entitled to a recovery; for, as we said in *Owen* v. *Fowler*, 24 Cal. 194, " in order to entitle a plaintiff in ejectment to recover, he must show a right to the possession in himself, and a possession in the defendant at the time the action is brought; and if he fails to establish either proposition he cannot recover."

Order reversed and new trial ordered.