[No. 8,640.—Department One.]
November 13, 1882.

## THE SANTA CRUZ GAP TURNPIKE JOINT STOCK COMPANY *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF SANTA CLARA.

MANDAMUS — CERTIORARI — PROHIBITION — PREROGATIVE — WRIT — RES ADJUDICATA.—When, upon issue of law or fact joined, a Superior Court has adjudicated the merits of an application for mandamus or other prerogative writ, such adjudication is as conclusive (except on appeal) upon this Court as it is 'upon another Superior Court.

ID.— ID.— ID. — ID.— ID.— APPEAL.— In issuing such writs the Supreme Court and the several Superior Courts are peers—each having original jurisdiction; whether the judgment of each is final, it is not necessary in this case to decide.

*Semble:* An appeal will lie in such cases from the judgment of the Superior Court.

APPLICATION for writ of mandamus.

*D. B. Moody,* for Plaintiff.

*S. F. Leib* and *J. H. Campbell,* for Defendant.

McKINSTRY, J.:

Rule 28 of this Court provides: "In any application made to the Court for a writ of mandamus, certiorari, prohibition, procedendo, or for any prerogative writ to be issued in the exercise of its original jurisdiccion, and for which an application might have been lawfully made to some other Court in the first instance, the affidavit or petition shall, in addition to the necessary matter requisite by the rules of law to support the application, also set forth the circumstances which, in the opinion of the applicant, render it proper that the writ should issue originally from this Court, and not from such other Court—the sufficiency or insufficiency of such circumstances so set forth in that behalf will be determined by the Court in awarding or refusing the application. In case any Court, Judge, or other officer, or any board or other tribunal, in the discharge of duties of a public character, be named in the application as respondent, the affidavit or petition shall also disclose the name or names of the real party or parties, if any, in interest, or whose interest would be directly affected by the proceedings, and in such case it shall be the duty of the applicant obtaining an order for any such writ, to serve or cause to be served, upon such party or parties in interest, a true copy of the affidavit or petition, and of the writ issued thereon, in like manner as the same is required to be served upon the respondent named in the application and proceedings, and to produce and file in the office of the Clerk of this Court the like evidence of such service."

It may be that this Court would consider as a "circumstance" which would induce it to issue a prerogative writ, the fact that the Superior Court had refused to take jurisdiction of, or to consider, the application, upon the merits. But when, upon issue of law, or fact joined, a Superior Court has adjudicated the merits of the application, such adjudication is as conclusive (except on appeal) upon this Court as it is upon another Superior Court. In issuing writs of mandamus, certiorari, and prohibition, the Supreme Court and the several Superior Courts are peers. Both the Supreme Court and the Superior Court has original jurisdiction. (Const., Art. vi, §§ 4 and 5.) Whether the judgment of each is final—in view of the language of the sections referred to—it is not

here necessary to decide. *Semble,* an appeal will lie in such cases from the judgment of the Superior Court. (*Winter* v. *Fitzpatrick,* 35 Cal. 269.)

The defendant in the proceeding now here pleads that "heretofore and before the commencement of this proceeding the plaintiff commenced the same proceedings, for the same purpose, in the Superior Court of the County of Santa Clara, and on the eighteenth day of October, A. D. 1882, said proceedings in said Superior Court resulted in a judgment of said Superior Court, by it then duly given and made, that plaintiff was not entitled to such relief, and that the application therefor be denied, a true and correct certified copy of which proceeding and judgment in said Superior Court are hereto annexed, marked 'Exhibit A.'" The exhibit is made a part of the answer herein, and contains a copy of the complaint or petition in the Superior Court. It is not disputed that such complaint or petition is in all respects like the complaint filed in the present proceeding. The "exhibit" further shows that the defendant in the Superior Court (defendant here), by motion, in the nature of demurrer, moved the said Superior Court to vacate the writ, upon the ground that the complaint or petition did not state facts upon which the same should issue; further, that the motion or demurrer having been sustained by the Superior Court, with leave to amend the complaint or petition, plaintiff, in open Court, refused to amend, and thereupon a final judgment was entered by the Superior Court that the writ be denied, and in favor of defendants for their costs, etc.

If an appeal lies from the judgment of the Superior Court, the plaintiff has "a plain, speedy, and adequate remedy in the ordinary course of law." (C. C. P., § 1036.) If an appeal does not lie from the judgment of the Superior Court, the answer of defendant is a plea of a former adjudication, between the same parties, in a Court of competent jurisdiction.

The cause will be set down for trial upon the issue of fact raised by the answer. The fact will be determined by inspection of the record, but, as yet, the existence has been alleged, not proved.

Ross and McKee, JJ., concurred.