[S. F. No. 2722. In Bank. — June 14, 1901.]

FRANK S. KNOWLES, Petitioner, v. M. H. THOMPSON, County Clerk, etc., Respondent.

APPEAL FROM JUDGMENT — STAY BOND — MOTION FOR NEW TRIAL NOT STAYED — POWER TO GRANT NEW TRIAL. — The filing of a stay bond upon appeal from the judgment does not stay action upon a motion for a new trial; and the court has power, pending such appeal, to grant a new trial. Proceedings on motion for a new trial are not in the direct line of the judgment, but are independent, and collateral thereto.

ID. — DISMISSAL OF APPEAL — MANDAMUS TO COMPEL EXECUTION — VACATION OF JUDGMENT BY NEW-TRIAL ORDER. — Notwithstanding the dismissal of the appeal from the judgment, *mandamus* will not lie to compel execution of the judgment, where, pending the appeal, the court granted a new trial, thereby vacating the judgment.

ID. — REFUSAL OF MANDAMUS BY SUPERIOR COURT — REMEDY BY APPEAL — DENIAL OF PETITION IN SUPREME COURT. — Where the superior court refused a *mandamus* to the clerk to compel the issuance of

execution, on the ground that a new trial had been granted, the petitioner has an adequate remedy, by appeal from the judgment denying the writ; and such remedy is ground for the denial of a petition in this court for the writ.

PETITION for *mandamus* from the Supreme Court to the County Clerk of San Mateo County to compel execution of a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

B. B. Newman, for Petitioner.

Morrison & Cope, and George C. Ross, for Respondent.

VAN DYKE, J.—*Mandamus* to compel the respondent, clerk of the county of San Mateo, to issue an execution in a case in which the petitioner is plaintiff, and the Crocker Estate Company, a corporation, and Ernest A. Leigh are defendants.

The petition shows that on the trial of said cause, which was an action of forcible entry and detainer, a verdict was rendered in favor of the plaintiff therein, January 5, 1900, and on the sixth day of January judgment was rendered on said verdict in favor of the plaintiff and against said defendants; that thereupon the defendants in said action perfected an appeal from said judgment to this court, February 9, 1900, staying all proceedings upon said judgment so appealed from; that on November 5, 1900, upon motion of the respondent in such appeal, plaintiff in said action, after due notice given, this court dismissed the appeal, on the ground that the appellants therein, the defendants in said action, had failed to file a transcript of the record therein. It also appears from said petition that after the appeal had been taken in said action, as stated, to wit, on the seventh day of May, 1900, the superior court in which said action was pending duly made and entered an order granting a new trial therein, which order has not been vacated nor set aside, and no appeal taken therefrom; on March 26, 1901, the *remittitur* on the dismissal of the appeal from the judgment in said cause having theretofore been filed, and the clerk of said court having refused to issue an execution on said judgment, the petitioner applied to said superior court for a writ of *mandamus* to compel said clerk, the respondent herein, to issue said execution; that the court below refused to issue

said writ, on the grounds stated in the petition herein; that a new trial in said action had been granted.

Respondent demurs to the petition filed herein, and also answers the same. The main grounds in support of the demurrer are: 1. That the judgment in the case on which it is sought to have an execution issued has been vacated and set aside by the order granting a new trial in said action; 2. That the petitioner has a plain, speedy, and adequate remedy in due course of law, by an appeal from the order of the superior court denying his application for *mandamus* therein.

1. It is contended by the petitioner that upon perfecting the appeal from the judgment rendered in the lower court by the filing of a *supersedeas* or stay bond, all further proceedings, including any action on the motion for a new trial, were suspended. This, however, is not so. Only such matters as are embraced within the judgment or order appealed from are stayed. (Code Civ. Proc., sec. 946.) Proceedings on motion for a new trial are not in direct line of the judgment, but are independent, and collateral thereto. The judgment may be at once entered, and even executed while a motion for a new trial is pending. The motion may be heard and decided, and an appeal taken on its own independent record, while the proceedings on and subsequent to the judgment may be still regularly going on, and even an independent appeal taken in that line. (*Spanagel* v. *Dellinger*, 38 Cal. 284; 1 Hayne on New Trial and Appeal, 27.) An appeal from the judgment does not depend upon the motion for a new trial. The latter is subsequent to the judgment, and the appeal from the judgment may be taken without waiting for the determination of the motion for a new trial, and such appeal from the judgment may go on after the appeal from the order has been dismissed. (*Towdy* v. *Ellis*, 22 Cal. 659.) And an affirmance of the judgment on a direct appeal therefrom does not prevent the court below from setting aside the verdict, or finding and judgment based thereon, and granting a new trial. (*McDonald* v. *McConkey*, 57 Cal. 326; *Naglee* v. *Spencer*, 60 Cal. 10.) And the dismissal of an appeal from the judgment is no bar to an appeal by the same party from an order denying his motion for a new trial. (*Fulton* v. *Cox*, 40 Cal. 105.) But an order granting a new trial has the effect of vacating the judgment, and the party cannot thereafter proceed on said judgment by appeal therefrom or otherwise. (*Kower* v. *Gluck*, 33 Cal. 407; *Bronner* v. *Wetzlar*, 55 Cal.

420; *Thompson* v. *Smith*, 28 Cal. 534; *Rayner* v. *Jones*, 90 Cal. 78.)

2. An appeal lies from the judgment of the superior court denying the writ of mandate. (Code Civ. Proc., sec. 939; *Palache* v. *Hunt*, 64 Cal. 474; *People* v. *Perry*, 79 Cal. 109; *Heinlen* v. *Phillips*, 88 Cal. 559.) This furnishes a plain, speedy, and adequate remedy to the petitioner, in the ordinary course of law. (*Santa Cruz etc. Co.* v. *Supervisors*, 62 Cal. 40.)

The demurrer to the petition must be sustained and the writ denied, and it is so ordered.

Garoutte, J., McFarland, J., Temple, J., and Henshaw, J., concurred.

Rehearing denied.