[Civ. No. 320.   Third Appellate District.—January 22, 1907.]

J. H. BEAUMONT, Petitioner, v. W. H. SAMSON et al., as Board of Supervisors of Tehama County, Respondents.

WRIT OF REVIEW—DENIAL OF PETITION—PRIOR DENIAL IN SUPERIOR COURT—REMEDY BY APPEAL.—Where a prior petition for a writ of review in the superior court has been denied, the remedy of the petitioner is by appeal from the judgment of the superior court; and a subsequent petition to this court for a writ of review will be refused on that ground.

PETITION for a writ of review to annul a proceeding of the Board of Supervisors of Tehama County.

The facts are stated in the opinion of the court.

Charles L. Donohoe, and Frank Freeman, for Petitioner.

McCoy & Gans, for Respondents.

CHIPMAN, P. J.—The petition sets forth that on September 6, 1906, there was filed in the office of the clerk of defendants a petition asking that defendants give notice of an election to be held for the purpose of determining whether the

territory in said petition described, including the town of
Corning, shall become incorporated under the act approved
March 13, 1883. It is set forth in the petition for the writ
that in certain particulars, alleged to be essential to the juris-
diction of the defendants to act in the matter, the petition
presented to defendants was fatally defective. It appears
that the petition was presented to and heard by defendants,
as such board of supervisors; that an election was held pur-
suant to notice thereof published in the "New Era," a news-
paper published in the town of Corning, said county, but as
to which it is alleged that no proof of such publication was
made to said defendants before making the order declaring
the result of said election or before making the order declar-
ing the territory described therein had become duly incor-
porated as a municipal corporation of the sixth class.

The petition for the writ alleges further: "That heretofore
your petitioner presented his petition and application to the
Hon. John F. Ellison, Judge of the Superior Court of Te-
hama county, State of California, praying that a writ of re-
view issue to the Board of Supervisors of the county of Te-
hama in the matter hereinbefore set out and alleged in this
petition, and on the 11th day of January, 1907, the said
judge . . . made and entered an order refusing to issue a
writ of review in said matter and denying the application of
your petitioner herein for such writ of review and dismissing
your petitioner's petition in said matter. That the said Hon.
John F. Ellison, judge of the Superior Court of Tehama
county as aforesaid, denied the said application of your peti-
tioner upon the sole ground that the subject was not a proper
matter for the issuance of a writ."

Upon filing the petition, this court issued an order for the
defendants to show cause why the writ should not issue, in
response to which defendants appeared by demurrer and also
by answer, showing the proceedings before the superior court.
The demurrer alleged the following grounds: 1. Insufficiency
of facts to constitute a proper cause for writ of review; 2.
That defendants, in respect of the matters set forth in the pe-
tition were not exercising judicial functions; 3. That in said
matter there is "a plain, speedy and adequate remedy" with-
out resort to writ of review; namely, by *quo warranto;* 4. That
the said board has fully completed its proceedings in the
matter and that no beneficial purpose would be subserved by

the writ; 5. That the town of Corning is now by virtue of the said proceedings, in the full enjoyment of the powers of a municipality and is acting in fact as such; 6. That the order of the superior court made and entered on the eleventh day of January, 1907, is an appealable order and is conclusive except on appeal and hence no writ should issue.

It appears by plaintiffs' petition that the matter as here presented was submitted by petitioner to said superior court, was heard by that court, writ denied and proceedings dismissed.

The view we have taken of the case makes it unnecessary to pass upon the questions presented by defendants at this time, except the last one above enumerated.

The superior court had jurisdiction and was empowered to hear and determine the matter. The reason given by the court for, or the ground of, his decision does not affect the question we are about to consider. He had jurisdiction to act and he exercised that jurisdiction. This was sufficient for the present purpose. "A judgment in a special proceeding is the final determination of the rights of the parties therein." (Code Civ. Proc., sec. 1064.) The provisions of part two of the Code of Civil Procedure, relating to new trials and appeals, apply to the proceedings mentioned in title one, part three, which relates to writs of review and other writs. (Code Civ. Proc., sec. 1110.) "An appeal may be taken to the supreme court from the superior court in the following cases: 1. From a final judgment entered in an action or special proceeding commenced in the superior court or brought into a superior court from another court." (Code Civ. Proc., secs. 939, 963.)

It was held in *Knowles* v. *Thompson,* 133 Cal. 245, [65 Pac. 468], that an appeal lies from the judgment of the superior court denying the writ of mandate (citing cases) and that "this furnishes a plain, speedy and adequate remedy to the petitioner, in the ordinary course of law." (Citing *Santa Cruz etc. Co.* v. *Supervisors,* 62 Cal. 40.)

Many cases might be cited where appeals have been taken from judgments of superior courts upon proceedings for the writ of review. *Stumpf* v. *Board of Supervisors,* 131 Cal. 364, [82 Am. St. Rep. 350, 63 Pac. 663], cited by petitioner, was such a case. (See, also, *Santa Cruz etc. Co.* v. *Supervisors,* 62 Cal. 40.)

In the case of *Knowles* v. *Thompson*, 133 Cal. 245, [65 Pac. 468], the petition was filed in the supreme court. A demurrer was interposed on the ground, among others, that petitioner had a plain, speedy and adequate remedy by appeal, as it appeared that the petitioner had applied to the superior court for the writ and it had been denied. The order of the supreme court at the hearing was that "the demurrer to the petition must be sustained and the writ denied."

So we think must be the action of this court upon the present petition.

The writ is denied.

Burnett, J., and Hart, J., concurred.