[Civ. No. 2094.  Third Appellate District.—November 13, 1919.]

J. P. MILLOTT et al., Petitioners, v. ASSOCIATION OF MARE ISLAND EMPLOYEES (a Corporation), Respondent.

[1]  MANDAMUS—APPLICATION PENDING IN LOWER COURT—DISMISSAL OF APPLICATION TO APPELLATE COURT.—An application to the district court of appeal for a writ of mandate will be dismissed where a similar application for the same purpose has been made previously in the superior court, and is still pending.

[2]  ID.—IDENTITY OF SUBJECT MATTER—CHANGE OF NOMINAL PETITIONER IMMATERIAL.—In such proceeding it is of no consequence that in the district court of appeal one party is made a petitioner who does not expressly appear in the superior court, where the application is made for the same purpose and involves exactly the same remedy, the subject matter being essentially the same.

PROCEEDING in Mandamus to compel the repurchase of certain stock. Dismissed.

The facts are stated in the opinion of the court.

L. G. Harrier and Theodore W. Chester for Petitioners.

W. H. Morrissey for Respondent.

BURNETT, J.—This is an original application to this court for a writ of mandate requiring respondent to repurchase certain stock of said corporation. An' alternative writ was issued and on the return day respondent filed a general demurrer and also an answer to the application. The contention of petitioners is grounded upon the provision in the by-laws of the association providing that "No stock shall be sold or certificates issued for less than ten shares. All stock of the Corporation is to be sold subject to the right of the Corporation to repurchase the same at any time upon paying one dollar ($1.00) per share and interest; and is to be sold subject to such other conditions as the Board of Directors may deem advisable and for the best interests of the Corporation, except that no compulsory action shall be taken by the Corporation that will reduce the ownership of stock to less than ten shares for each member. The corporation shall repurchase (the financial condition of the Corporation permitting), first, such shares of stock owned and held by any stockholder in excess of ten shares, thereby limiting the ownership of stock to ten shares for each stockholder, and giving to each equal rights and privileges."

It is the theory of the petitioners that a large number of shares of said stock was sold to different stockholders in excess of ten shares for each stockholder, that it is for the interests of the corporation that said excess shares be purchased for the benefit of the association, and that the directors thereof refused to purchase said excess stock as required by said provision of the by-laws. But regardless of the merits of the controversy it appears by the answer of respondent and it is conceded by petitioners that:

"In the month of May of this year, plaintiffs herein, J. P. Millott, W. C. Ellis, D. E. Schofield, and J. C. Peterson,

filed a petition for a Writ of Mandate against the defendants herein and its Board of Directors in the Superior Court of the State of California, in and for the County of Solano.

"That said petition and each and all of its allegations was and is substantially the same as the petition in this action and prayed for the same relief, as will be seen from the copy of said petition served on the defendant, which copy is made a part of this answer and will be handed to the Court at the hearing and marked 'Exhibit A.'

"That while the plaintiff, W. G. Luper, in this action, was not named as a party plaintiff in that action, said action was prosecuted and commenced for and on his behalf as well as the other plaintiffs herein and he was in truth and fact one of the real parties in interest therein.

"That such proceedings were had and taken thereafter in that action resulting in the trial Court making and entering an order therein sustaining the general demurrer interposed by the defendants to said petition therein.

"That the plaintiffs therein declined to amend their complaint and thereafter judgment was made and entered on the 26th day of September, 1919, in favor of the defendants in that action, dismissing the petition of the plaintiffs therein.

"Thereafter and on the 20th day of October, 1919, the plaintiffs therein appealed from said judgment to this Honorable Court.

"That said appeal is still pending and undisposed of.

"On the 4th day of September, 1919, the plaintiffs herein, J. P. Millott, W. C. Ellis, D. E. Schofield and J. C. Peterson, commenced another action in the Superior Court of the State of California, against the defendant herein and its Board of Directors, which said complaint was substantially in the same language and contained the same allegations as the petition herein, as will be seen from the copy of said petition served on the defendant, which copy is made a part of this answer and will be handed to the Court at the hearing and marked 'Exhibit B.'

"That while the plaintiff, W. G. Luper, was not named as a party plaintiff in that action, that action, nevertheless, was prosecuted on his behalf as well as on the behalf of the other plaintiffs therein and he was in truth and in fact one of the real party plaintiffs.

"That in that action the defendant herein together with its Board of Directors appeared and filed a general demurrer.

"That said demurrer duly came on to be heard in the Superior Court of Solano County of October 20, 1919, and was on said day by order of said Court duly made, entered sustained. That thereafter the plaintiffs filed an amended complaint.

"That this last action is still pending."

[1] It therefore clearly appears that petitioners have a plain, speedy, and adequate remedy by appeal from the decision of said superior court in said cause and that this application must be denied upon that ground. The very question was involved in *Knowles* v. *Thompson*, 133 Cal. 245, [65 Pac. 468], and *Beaumont* v. *Sampson*, 4 Cal. App. 701, [89 Pac. 137], and other decisions. The Knowles case was an application to the supreme court for a writ of mandate, directed to the county clerk of San Mateo County, to compel execution of a judgment of the superior court of said county. It appeared in that case that an application had been made to said superior court for a similar writ and was denied therein, and the supreme court said: "An appeal lies from the judgment of the superior court denying a writ of mandate (Code Civ. Proc., sec. 939; *Palache* v. *Hunt*, 64 Cal. 474, [2 Pac. 245]; *People* v. *Perry*, 79 Cal. 109, [21 Pac. 423]; *Heinlen* v. *Phillips*, 88 Cal. 559, [26 Pac. 366]). This furnishes a plain, speedy, and adequate remedy to the petitioner in the ordinary course of law. (*Santa Cruz etc. Co.* v. *Supervisors*, 62 Cal. 40.) The demurrer to the petition must be sustained, and it is so ordered." The Beaumont case, *supra*, was an application for a writ of review. It appeared that a similar application had been made to the superior court and it was held that: "The remedy of the petitioner is by appeal from the judgment of the superior court." The petition in this court was, therefore, denied upon that ground. The same principle applies in an application for a writ of review as in that for mandate.

[2] It is of no consequence that herein one party is made petitioner who does not expressly appear in the court below, since the application is made for the same purpose and involves exactly the same remedy, the subject matter in all these actions being essentially the same. Under the law as

thus declared we are precluded from deciding, in this proceeding, the question upon its merits. It is to be presumed that the appeal from the lower court will be prosecuted diligently and that the opportunity will soon be afforded to the appellate tribunal for a final determination of the question, whether the board of directors can be compelled to repurchase said stock. But, for the reason stated, the alternative writ is discharged and the proceeding is dismissed.

Ellison, P. J., *pro tem.,* and Hart, J., concurred.