[Civ. No. 3826.   Third Appellate District.—July 26, 1929.]

J. E. COLTHURST, Appellant, v. JUSTICE'S COURT OF VALLEJO TOWNSHIP, etc., et al., Respondents.

J. E. Colthurst for Appellant.

O'Hara, Hatch & Pope for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment denying a petition for a writ of review.

The record on appeal shows that the petitioner filed against Robert H. and Lea Lindsay, husband and wife, in the Justice's Court of Vallejo township, Solano County, a complaint based upon an account stated; that process was

duly served upon the defendants, who failed to appear or answer, and judgment was thereupon entered against them for the sum of $165.89. The plaintiff forthwith served upon the defendants notice by mail of the rendering of judgment. This notice did not conform to the requirements of section 893 of the Code of Civil Procedure for the reason that the notice was not ''signed by the justice.'' The docket shows that a subsequent notice was given as follows: ''Sept. 15, notice of decision served on defendants by post office at request of defendants.'' September 19, 1927, the defendants served and filed in the Justice's Court a notice of motion, supported by affidavits of merits, to vacate the default judgment. This motion was actually presented to the court on September 28th, and over objection on the part of plaintiff on the ground that the court was without jurisdiction, the motion was granted and the default judgment was set aside. The Justice's Court was without jurisdiction to grant this motion. The mere filing of the notice of motion for relief was not sufficient. It is necessary that the motion be actually made to the court within the ten days' limitation of time prescribed by law. (*Spencer* v. *Branham*, 109 Cal. 336 [41 Pac. 1095]; *Wheelock* v. *Superior Court*, 67 Cal. App. 601 [227 Pac. 931].) A writ of *certiorari* was thereupon filed in the Superior Court of Solano County.

The petition which was filed in that court recited all of the proceedings of the Justice's Court, upon which the judge signed a peremptory order directing the justice of the peace to forthwith certify the record of proceedings in his court to the Superior Court, and restrained the Justice's Court from further proceedings pending the hearing for review. None of the essential facts was controverted. Subsequently the petition for a writ of review was heard in the Superior Court and on October 4, 1928, it was finally disposed of by the following ruling: ''Ordered, in the above entitled cause, that the writ be and the same is hereby discharged.'' This appeal from that final order was thereupon perfected.

■ An appeal from a final order or judgment in a petition for a writ of *certiorari*, when the judgment is rendered in excess of jurisdiction, is the proper remedy. (4 Cal. Jur. 1116, sec. 74; *Millott* v. *Mare Island Emp. Assn.*,

44 Cal. App. 271, 274 [186 Pac. 378]; *Beaumont* v. *Samson*, 4 Cal. App. 701 [89 Pac. 137].) There was no issue of fact necessarily tendered by the proceedings for a writ of *certiorari* in the Superior Court, and the foregoing order was tantamount to a final judgment from which an appeal lies. (*Brown* v. *Superior Court*, 70 Cal. App. 732 [234 Pac. 409].) ██ The Justice's Court was without jurisdiction to set aside the default judgment, for the reason that the application for relief was not made within the ten days' limitation of time allowed by section 859 of the Code of Civil Procedure, and the writ of review should, therefore, have been granted. That section provides in part: "The court may also, on such terms as may be just, and on payment of costs, relieve a party from a judgment by default taken against him by his mistake, inadvertence, surprise, or excusable neglect, but the application for such relief must be made within ten days after notice of the entry of the judgment and upon an affidavit showing good cause therefor." The defendants were served with notice of the entry of judgment on June 2, 1927. Their application for relief from the default judgment was not actually made until September 28, 1927. The justice of the peace then had no jurisdiction to hear or grant the motion for relief.

██ The respondent contends that the notice of the rendition of judgment which was served upon the defendants was invalid because it was not "signed by the justice," as required by section 893 of the Code of Civil Procedure, which reads, in part: "Notice of the rendition of judgment must be given to the parties to the action in writing signed by the justice." This requirement, however, does not apply to judgments by default. Ever since the adoption of the codes of California, part 2, title 11, chapter 8, of the Code of Civil Procedure, in which section 893 is contained, the following heading has existed: "Judgments (other than by default) in Justices' Courts." This chapter heading should be considered in construing the provisions of all sections therein contained (23 Cal. Jur. 772, sec. 147) and is controlling in its application to the present action since it specifically excepts default judgments from the effect of section 893, *supra*.

Section 859, *supra,* does require the service of notice of the rendition of a judgment as a prerequisite to application for relief from default. No specific form of notice with respect to such default judgments, however, is prescribed. The notice of the entry of judgment which was given in the present case was, therefore, sufficient to set in motion the ten-day limitation of time within which the application for relief must be made. It follows that since the application for relief was not made within the time prescribed by section 859, *supra,* the Justice's Court was without jurisdiction to set the default judgment aside and the writ of *certiorari* should have been granted.

For the reasons assigned, the motion to dismiss the appeal is denied and the judgment is reversed with direction to instruct the Justice's Court to vacate its order setting aside the default judgment.

Plummer, J., and Finch, P. J., concurred.