# WELLS *v.* JUSTICE'S COURT OF LAS VEGAS TOWNSHIP, CLARK COUNTY, Et Al.

No. 3088

April 3, 1935.                    42 P. (2d) 1008.

*Louis Cohen,* for Petitioner:

*Green & Lunsford,* for Respondents:

# OPINION

*Per Curiam:*

This appeal is from a judgment rendered in a mandamus proceeding and from an order denying a new trial.

It appears from the petition for the writ that appellant instituted an action in the justice's court of Las Vegas township and obtained a judgment by default on the 12th day of May, 1933. An execution was issued and levied on certain property. By order of the justice's court the execution was quashed and vacated, and the property levied on released. The execution was returned unsatisfied. Appellant requested the justice to issue another execution, which he refused to do.

It appears from the respondents' answer to the petition that the defendant on the 18th day of May, 1933, filed in the action in the justice's court his notice of motion for an order to vacate and set aside the default judgment. This allegation is not controverted in any way. It is stated in the answer that the motion has not been disposed of, and is still pending. The justice of the peace, on the hearing in the district court, testified to the same effect, and there was no denial of this testimony. The district court, being of the opinion that the request for a writ of execution was premature because the motion to set aside the default was still pending in the justice's court, denied appellant's application for the writ of mandamus.

We think the court should have granted the application. The record discloses that no motion was made to set aside the default judgment within the time required by the statute, or at all. This was alleged in the petition, and it was not denied in the answer.

The notice of the motion filed on the 18th day of May was, of course, not a motion. In fact, the notice appearing in the record states that, "the defendant * * * will, on Thursday, the 25th day of May, 1933, at 2 o'clock P. M. of said day, move the above entitled court at the office of the Justice of the Peace of Las Vegas Township, City of Las Vegas, Clark County, Nevada, for an order to vacate and set aside the default judgment entered in said cause on the 12th day of May, 1933, upon the following grounds, etc." Nothing was done by the defendant pursuant to this notice, except that he filed his affidavit therewith. It does not appear that the notice was served on the appellant. At the hearing in the district court the justice of the peace was asked the following question: "Does the docket or the written notice show, or is it shown by any other manner, that the notice of motion was ever served upon plaintiff or her attorney?" He answered: "No."

The question is governed by section 9289 N. C. L. The pertinent part of the section reads: " * * * The court may also, on such terms as may be just, and on payment of costs, relieve a party from a judgment by default taken against him by his mistake, inadvertence, surprise, or excusable neglect, but the application for such relief must be made within ten days after notice of the entry of the judgment and upon an affidavit showing good cause therefor."

An application for an order is a motion. Section 8909 N. C. L.

■■ As no motion was made within the time specified in said section 9289, the justice's court at the expiration of that time was without jurisdiction to grant the relief provided by the statute. The statute is susceptible of no other construction. This is the view taken by the courts in California where the statute is identical with ours. Spencer v. Branham, 109 Cal. 336, 41 P. 1095; Colthurst v. Justice's Court of Vallejo Tp. in and for Solano County et al., 100 Cal. App. 146, 279 P. 812. The statements that a motion to set aside the default judgment was pending in the justice's court

are merely conclusions of law, and erroneous. A different rule prevails in the district court. Bowman v. Bowman, 47 Nev. 207–213, 217 P. 1102. But it will be seen that the statute applicable therein (section 8640 N. C. L.) is different from said section 9289 N. C. L. There is no express requirement in the former that the application for relief be made within the time limited, as is the case in the latter statute.

The judgment and order of the district court are reversed, and the court is directed to issue the permanent writ of mandamus requiring the said justice's court to issue another execution as requested by appellant.