[Civ. No. 8957.   Third Dist.   Dec. 9, 1955.]

SONOMA COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT, Petitioner, v. JIMMIE ANDERSON, as County Treasurer, etc., Respondent; WALTER M. ROBBINS et al., Interveners.

Joseph Maddux, District Attorney (Sonoma), for Petitioner.

F. L. Manker for Respondent.

Kasch & Cook for Interveners.

VAN DYKE, P. J.—Petition for writ of mandate.   Petitioner, a flood control and water conservation district, asks this court to command its treasurer to sign, execute and deliver to the buyer bonds of the district in the sum of $5,598,000. Its petition shows that the Congress of the United States has

enacted Public Law 516, 81st Congress, chapter 188, Second Session, approved by the President of the United States May 17, 1950, whereby a plan for flood control, water conservation and related purposes in the Russian River Basin in California was approved substantially in accordance with the recommendation of the Board of Engineers for Rivers and Harbors and as recommended by the Chief of Engineers. By that legislation there was authorized to be appropriated by the federal government the sum of $11,522,000 for accomplishment of the initial stage of the plan, that is, the construction of Coyote Valley Dam to control and impound the flood waters of the east fork of Russian River. The legislation carried a proviso that prior to starting construction local interests should contribute the sum of $5,598,000 in cash in full repayment of the conservation benefits to be derived from the work, the contribution to be transferred to the Secretary of the Army for application to the cost of construction. It is further stated in the petition that proceedings had been taken by petitioner to issue bonds in the required amount which should be a charge upon the properties in the district and that it had submitted that proposition to the qualified voters of the district, with he result that more than a two-thirds majority voted in favor of the bonds. Thereafter the proposed bonds were offered for sale and were bid in by the Bank of America National Trust and Savings Association, the bid containing a proviso that the bonds be delivered within 60 days and that they be delivered free of any litigation with respect thereto. It is further shown that three days before the bonds would have been executed and delivered and the money paid to the treasurer of petitioner and on November 14, 1955, a suit was filed in the Superior Court of the County of Sonoma by Walter M. and Jessie P. Robbins who, as plaintiffs in their own behalf and purporting to sue likewise for all other taxpayers of the petitioner district, brought action against the district, its board of directors and the treasurer of the district, who is respondent herein, seeking to enjoin the issuance and sale of the bonds upon various grounds; that the treasurer of the district is in doubt as to the legality of the proceedings taken by the petitioner district for the issuance of said bonds and of the legality of said bonds if issued for the reasons alleged by the plaintiffs in said superior court action. Notwithstanding the pendency of said action in the superior court petitioner urged this court to issue its alternative writ and ultimately its peremptory writ upon the ground that the public interest, welfare and necessity

demanded that the Coyote Valley Dam be constructed without hindrance or delay since it was allegedly necessary to protect life and property in the district from disastrous floods and to provide water for domestic use in the city of Santa Rosa and elsewhere. In this connection it was alleged that the United States Army is now prepared to start construction, subject to the condition that prior to starting construction the said district shall contribute the sum of $5,598,000 in cash, failing which no work could be done upon the dam. This court issued an alternative writ and set the matter for hearing. That hearing was held. It now appears that the superior court in the action brought therein has sustained a demurrer without leave to amend and has entered its judgment dismissing said action; further that, following the entry of that judgment, plaintiffs in that action have appealed to the Supreme Court of this state and that the appeal is now pending therein.

We have concluded that it would be improper under all of the circumstances presented here for this court to take any other action at this time than to discharge the alternative writ heretofore issued and deny the peremptory writ requested without decision on the merits. It is apparent that the issues which the plaintiffs pose in the superior court action and in the appeal they have taken to the Supreme Court are exactly the same issues as this court must decide if it proceeds herein. Respondent in this proceeding, the treasurer of the district, was also a defendant in the superior court action and is now a respondent in the appeal to the Supreme Court. The district is a party to both proceedings. As to the plaintiffs and appellants in the action begun in the superior court, and now on appeal, they were not originally made parties herein, although the petition of the district stated it was willing to have them intervene. They have now filed herein a petition for intervention, and have raised the same points herein as were presented by them for adjudication in the other action. This court is, as it should be, sympathetic to the plea made by the petitioner that a speedy determination of the issues raised in these proceedings ought to be had in the public interest, but we conceive it to be our proper course to refuse to enter upon the decision of issues now pending before the Supreme Court by the appeal taken. We do not think that the necessary delay that will be occasioned by our refusal to go further in response to the petition herein will be in any sense vital to the interests of the district. Before a determination made by us could become final the limit of time within which under

the bids the bonds were to be delivered to the bidder will have elapsed in any event, for it was a condition of the bid, subject, we understand, to a right in the bidder to waive the requirement, that the bonds be delivered by the 17th of January next. Speaking generally, courts are reluctant, and properly so, to enter upon the determination of issues already pending before other courts, even if they have the jurisdictional power to do so. But specifically it appears herein that the appellate procedure already invoked furnishes a plain, speedy and adequate remedy to the petitioner. (*Millott* v. *Association of Mare Island Employees*, 44 Cal.App. 271, 274 [186 P. 378]; *McMullen* v. *Glenn-Colusa Irr. Dist.*, 17 Cal.App.2d 696 [62 P.2d 1083]; *People* v. *County of Tulare*, 45 Cal.2d 317 [289 P.2d 11].)

Both respondent and interveners have demurred to the petition herein, urging the foregoing grounds for a denial of the relief requested.

Those demurrers are sustained. The alternative writ heretofore issued is discharged, and the peremptory writ is denied.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied January 5, 1956.