59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby BATTLE, et al., Plaintiffs-Appellants,
UNITED STATES of America, Plaintiff-Intervenor,
v.
Larry FIELDS, Director; Dan Reynolds, Warden of Oklahoma
State Penitentiary; Calvino S. Muse, Chairman of the Board
of Corrections; Hugh Reed; William Evans; Phil Dessauer;
Joe R. Manning, Jr.; Gregory H. Hall; and Daniel Bintz;
All Members of the Oklahoma Board of Corrections, Oklahoma
Board of Corrections, Defendants-Appellees.
 No. 94-7175.
 D.C. No. CV-72-95-S.
 United States Court of Appeals, Tenth Circuit.
 June 27, 1995.
 
 Before ANDERSON, TACHA, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Class plaintiffs appeal from the district court's order denying plaintiffs' motion to enforce certain injunctions and dissolving all existing injunctions in the underlying case. We construe plaintiffs' motion below as a motion filed pursuant to Fed.R.Civ.P. 60(b)(5). The denial of such a motion is reviewed for abuse of discretion. See Dowell ex rel. Dowell v. Board of Educ., 8 F.3d 1501, 1509 (10th Cir.1993).
 
 
 2
 The district court reached its decision to deny plaintiffs' motion and dissolve the existing injunctions without affording plaintiffs notice or a hearing. Failure to afford due process protections constitutes an abuse of the district court's discretion. United States v. Colorado, 937 F.2d 505, 510 (10th Cir.1991). Accordingly, we vacate the district court's ruling and remand.
 
 
 3
 On remand, the district court shall hold a hearing to determine the issues raised by plaintiffs' motion and to determine whether the existing injunctions should be dissolved. See generally, Dowell, 8 F.3d 1501. The district court's order dated November 17, 1994, is VACATED and the case REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470