81 F.3d 173
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 RELIANCE INSURANCE COMPANY, a Pennsylvania Corporation,
Plaintiff-Appellee,
v.
MAST CONSTRUCTION COMPANY, a corporation, Mast Industrial,
Inc., a corporation, Hardware Specialties, Inc., a
corporation, Roger J. Mast, Marie G.
Mast and Christopher Mast,
individuals, Defendants,
and
Ronald Earl Mast and Linda Mast, individually and as
trustees of the Ronald E. Mast Living Family
Trust, aka Aremeco Management Co.,
Defendants-Appellants.
 94-4125 (D.C.No. 88-C-947-S).
 United States Court of Appeals, Tenth Circuit.
 March 28, 1996.
 
 Before BALDOCK, EBEL, and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Reliance Insurance Company (Reliance) filed this diversity action under 28 U.S.C. § 1332 in October 1988 against Defendant Mast Construction Company (Mast) and Mast's indemnitors. In its complaint, Reliance sought indemnification from losses which the insurance company sustained on surety bonds issued to Mast for construction projects. Reliance, Mast, and Mast's indemnitors resolved their differences in April 1990 through a series of written "Stipulation and Settlement Agreements." The agreement between Reliance and Defendants Ronald and Linda Mast (Defendants) provided for the entry of a $10,000,000 judgment against both Defendants, jointly and severally. The district court entered judgment against Defendants in May 1990 "subject to the terms and conditions" of the agreement. Paragraph seven of the agreement provided:
 
 
 2
 Reliance will not execute on the judgment entered against Ron and Linda Mast (either before or after partial satisfaction) or docket that judgment outside of the District of Utah, so long as, and upon the express precondition that (1) all conditions of disclosure and transfer as outlined in paragraph 4 above are timely met, and (2) Ron and Linda Mast pay to Reliance $10,000.00 per year, in semi-annual payments of $5,000.00 (due January 1 and July 1 of each year) commencing January 1, 1991, and continuing until July, 2026, or until such earlier date as Reliance (at its sole discretion) may notify Ron and Linda Mast in writing that such payments may be discontinued. Upon receipt of all payments as and when required, Reliance will then waive and discharge the unpaid balance of said judgment, plus all interest accrued thereon, and will provide the Masts' with a Satisfaction of Judgment.
 
 
 3
 On September 24, 1993, Defendants tendered to Reliance a payment of $83,183.52. This amount represented the present value of $330,000--the sum of the remaining 66 semi-annual $5,000 installment payments required by paragraph seven of the settlement agreement. When Reliance rejected the tender, Defendants filed a "Motion to Declare Judgment Satisfied." According to Defendants, their tender of $83,183.52 to Reliance entitled them to a satisfaction of the $10,000,000 judgment. The district court summarily denied Defendants' motion. Defendants appeal.
 
 
 4
 We construe Defendants' motion as a request for relief from final judgment under Fed.R.Civ.P. 60(b)(5), which provides: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: ... (5) the judgment has been satisfied...." The district court's denial of Defendants' motion therefore constitutes a final decision reviewable under 28 U.S.C. § 1291.[1] We review for an abuse of discretion, Battle v. United States, 59 F.3d 178, 1995 WL 378436 at * 2 (10th Cir.1995) (unpublished), and affirm.
 
 I.
 
 5
 As an initial matter, we must determine what substantive law applies. Because this is a diversity action arising in Utah, we apply the substantive law that a Utah state court would apply, including its choice of law rules. Missouri Pacific R.R. Co. v. Kansas Gas & Elec. Co., 862 F.2d 796, 798 n. 1 (10th Cir.1988). A stipulated settlement is a contract. Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program 1981, 836 F.2d 462, 465 (10th Cir.1987). Utah law directs us to apply the "most significant relationship" analysis to determine choice of law in a contract action. Rocky Mountain Helicopters v. Bell Helicopter, 24 F.3d 125, 129 (10th Cir.1994). Because both parties proceed on the assumption that Utah substantive contract law applies, we apply that law without further analysis. Missouri Pacific, 862 F.2d at 798 n. 1.
 
 
 6
 In Utah, the intent of the parties governs contract interpretation. Willard Pease Oil v. Pioneer Oil & Gas Co., 899 P.2d 766, 770 (Utah 1995). To determine intent, we consider the writing in light of the surrounding circumstances:
 
 
 7
 Rational interpretation requires at least a preliminary consideration of all credible evidence offered to prove the intention of the parties so that the court can place itself in the same situation in which the parties found themselves at the time of contracting. If after considering such evidence the court determines that the interpretations contended for are reasonably supported by the language of the contract, then extrinsic evidence is admissible to clarify the ambiguous terms. Conversely, if after considering such evidence, the court determines that the language of the contract is not ambiguous, then the parties' intentions must be determined solely from the language of the contract.
 
 
 8
 Ward v. Intermountain Farmers Ass'n., 907 P.2d 264, 268 (Utah 1995) (internal quotations, ellipses, and citations omitted). Mindful of these principles, we turn to the instant appeal.
 
 II.
 
 9
 Defendants contend that their $83,183.52 tender constitutes satisfaction of judgment under the settlement agreement. Defendants' contention is misplaced. The settlement agreement does not state that Defendants have a right to prepay the $5,000 semi-annual installment payments by discounting the payments' value to one lump sum. Thus, Defendants' attempt to tender the present value of the remaining installment payments does not satisfy their obligation under the terms of the agreement. Seventy-two semi-annual installment payments of $5,000 over 30 years is what Defendants must pay to Reliance under the terms of the settlement agreement to receive a satisfaction of the $10,000,000 judgment from Reliance.
 
 
 10
 Consistent with Utah law, we have reviewed all the evidence, including affidavits and letters, which Defendants have proffered to support their interpretation of the settlement agreement. We believe that Defendants' proposed interpretation of the agreement is not only unsupported, but incredulous. The settlement agreement is unambiguous. To receive a satisfaction of judgment from Reliance, Defendants must comply with the express provision of paragraph seven requiring the payment of 72 semi-annual installment payments of $5,000 to Reliance. The agreement as written does not contemplate prepayment. Further extrinsic evidence is inadmissible to establish an intent contrary to that reflected in the agreement's plain language. Ward, 907 P.2d at 268.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Prior to oral argument, we ordered supplemental briefing on the question of appellate jurisdiction. Following the district court's entry of final judgment in this case, Reliance instituted separate contempt proceedings against First Security Bank seeking to prohibit the Bank from transferring Defendants' assets. To simplify matters, the district court consolidated the two cases. Thereafter, at Reliance's request, the court entered a Fed.R.Civ.P. 54(b) certification that the judgment against Defendants remained final and enforceable. See Trinity Broadcasting Corp. v. Eller, 827 F.2d 673, 675 (10th Cir.1987), cert. denied, 487 U.S. 1223 (1988) (to obtain review of portion of consolidated actions, district court must enter Rule 54(b) certification). Thus, the district court's denial of Defendants' motion for satisfaction of judgment is a final decision under 28 U.S.C. § 1291