**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THE REYNOLDS AND REYNOLDS
COMPANY, an Ohio corporation,

      Plaintiff-Appellant,

v.

JAMES EAVES, an individual; and
AMERICAN BUSINESS FORMS, INC.,
a Minnesota corporation,

      Defendants-Appellees,

No. 98-6026
(D.C. No. CIV-97-1857-A)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **MAGILL**,[**] and **LUCERO**, Circuit Judges.

Reynolds and Reynolds Co. (Reynolds) appeals a district court order denying

Reynolds' motion for injunctive relief against James Eaves and American Business Forms,

Inc. (ABF). Reynolds claims the district court failed to make the findings of fact and

conclusions of law required by Fed. R. Civ. P. 52(a) and abused its discretion by failing to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Frank J. Magill, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

hold an evidentiary hearing before denying Reynolds' motion. We conclude the district court's order does not satisfy Rule 52(a), VACATE the order, and REMAND for further findings of fact and conclusions of law.[1]

## Background

Because we dispose of this case on Rule 52(a) grounds, we will outline the facts only briefly for the purpose of focusing the district court's attention on remand. Reynolds develops, sells and distributes electronic and printed business forms. Mr. Eaves worked for Reynolds as a sales representative for one and a half years. Shortly after Mr. Eaves resigned his position at Reynolds and took a position as a sales representative with ABF (a Reynolds competitor), Reynolds filed a complaint and a motion for a preliminary injunction against both ABF and Mr. Eaves, alleging breach of contract and various violations of state and federal law.

In its motion for injunctive relief, Reynolds cited the following claims as grounds upon which Mr. Eaves and ABF may be enjoined:

(1)     Mr. Eaves has breached and continues to breach non-compete and non-solicitation clauses contained in his Employment Agreement with Reynolds.

(2)     Mr. Eaves has breached and continues to breach both his Confidentiality Agreement with Reynolds and a confidentiality clause contained in his Employment Agreement with Reynolds.

---

[1]In disposing of this case, we express no opinion on the sufficiency or merit of Reynolds' claims or the likelihood of Reynolds' success in the preliminary injunction context.

(3)     Mr. Eaves and ABF have misappropriated Reynolds' trade secrets in violation of the Eaves-Reynolds Confidentiality Agreement and Okla. Stat. tit. 78, § 86(4) (1996).

(4)     Mr. Eaves and ABF have engaged in unfair competition in violation of state common law and § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

(5)     Mr. Eaves and ABF have tortiously interfered with Reynolds' contractual relations and business expectancies in violation of Oklahoma law.

(6)     ABF has engaged in false advertising in violation of § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

(7)     Mr. Eaves and ABF have engaged in conduct which violates the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 53(a) (1996).

(8)     Mr. Eaves and ABF have wrongfully converted Reynolds' confidential and proprietary information in violation of Oklahoma law.

In its motion, Reynolds also requested an evidentiary hearing of three to four days. Mr. Eaves and ABF filed a brief in opposition to the Reynolds motion, and urged the court to forego an evidentiary hearing and deny the motion as a matter of law.

The district court, without holding an evidentiary hearing, filed the following order:

Before the Court is plaintiff's Motion for Preliminary Injunction and defendants' response. Attached as Exhibit A to defendants' response is a prior ruling from this Court, holding a similar non-competition and non-solicitation agreement overly broad and void. See ***Robert Half International, Inc. v. Oklahoma Personnel Service, Inc.***, CIV-95-1431-A. Because plaintiff is unable to prove a substantial likelihood of success on the merits, its motion for preliminary injunction is DENIED. Although both parties seek various other relief, the Court declines to rule on these issues as they are irrelevant to the determination of the motion for preliminary injunction.

Reynolds subsequently filed a Motion for Reconsideration of the Denial of the Motion for Preliminary Injunction and a Renewed Request for an Evidentiary Hearing. The district court summarily denied both motions. Reynolds brought this appeal.

**Discussion**

Under Rule 52(a), a district court must "find the facts specially and state separately its conclusions of law . . . in granting or refusing interlocutory injunctions." Fed. R. Civ. P. 52(a). The Rule seeks "to (1) engender care on the part of trial judges in ascertaining the facts; and (2) make possible meaningful appellate review." *Wolfe v. New Mexico Dept. of Human Services*, 69 F.3d 1081, 1087 (10th Cir. 1995). "Findings of fact by a trial court should be sufficient to indicate the factual basis for the court's general conclusion as to ultimate facts, . . . should indicate the legal standards against which the evidence was measured[, a]nd . . . should be broad enough to cover all material issues." *Otero v. Mesa County Valley Sch. Dist. No. 51*, 568 F.2d 1312, 1316 (10th Cir. 1977).

Reynolds contends the district court's order failed to provide the findings of fact and legal conclusions required by Rule 52(a) and our case law. We agree. By its express terms, the order disposes only of those claims that are based on the non-compete and non-solicitation clauses of the Reynolds-Eaves employment contract. The district court's order does not address at all Reynolds' remaining claims summarized in grounds (2)-(8) above. Because the order provides no indication of the court's disposition of these claims, much less the reasoning employed, Rule 52(a) has not been satisfied. Under these

circumstances, we must remand the matter for appropriate findings of fact and legal conclusions on grounds (2)-(8).[2] ***Colorado Coal Furnace Distribs., Inc. v. Prill Mfg. Co.***, 605 F.2d 499, 507 (10th Cir. 1979) ("We can speculate on the various possible reasons the trial court denied injunctive relief . . . . But the basis of the denial is not evident from the record.").

The appellees argue, even if the order is deficient on grounds (2)-(8), it is nonetheless amenable to meaningful appellate review on its disposition of Reynolds' non-compete and non-solicitation claims. According to the appellees, the district court's reasoning is rendered clear by reference to ***Robert Half Int'l, Inc. v. Oklahoma Personnel Serv., Inc.***, CIV-95-1431-A, which found non-compete and non-solicitation clauses containing similar language to those involved in this case unenforceable. Because the language of the Eaves-Reynolds agreements are before us in the record, appellees argue, we may review ***Robert Half Int'l*** and determine whether the district court reached a correct legal conclusion.

We recognize the district court's treatment of the non-compete and non-solicitation clauses, cursory as it is, presents a close question under Rule 52(a). The appellees' argument, however, would nonetheless require us to infer the district court's reasoning

---

[2]We note, however, that Rule 52(a) only requires such findings and conclusions as are necessary to enable meaningful review; a district court may summarily reject a frivolous or patently flawed claim, but the court must, at a minimum, explain its reasons for doing so.

under **Robert Half Int'l**. Given that the language in the instant non-compete and non-solicitation clauses is merely similar, and not identical, to the language found in **Robert Half Int'l**, we believe we must remand these claims for further factual findings and legal conclusions. *See Wolfe*, 69 F.3d at 1087 ("'[In order to satisfy Rule 52(a)] the trial court must include as many of the subsidiary facts as necessary to permit us to determine the steps by which [it] reached its ultimate conclusion . . . .'" (citation omitted) (alterations in original)).

Reynolds also claims the district court abused its discretion by failing to hold an evidentiary hearing before denying Reynolds' motion and urges us to remand with instructions to conduct an evidentiary hearing prior to resolving the motion. We reject this argument. Reynolds has failed to cite any Tenth Circuit authority that requires a district court to hold an evidentiary hearing prior to granting or denying a preliminary injunction motion. **Battle v. Fields**, 59 F.3d 178, 1995 WL 378436 (10th Cir. 1995) (unpublished opinion), cited by Reynolds, is neither binding nor relevant. In **Battle**, the district court dissolved an existing injunction without affording the plaintiffs notice or a hearing; dissolution of an existing injunction, which directly affects the court-created rights of the parties, clearly requires more notice and process than the mere denial of an injunction request. Even if **Battle** were binding authority, it would not compel the result urged on us here. Accordingly, we do not instruct the district court to hold an evidentiary hearing prior

to disposition of Reynolds' motion, although the district court is free to do so within its own discretion.

For these reasons, we **VACATE** the district court's order and **REMAND** the matter with instructions for the district court to conduct further proceedings, if necessary; to make findings of fact and conclusions of law sufficient to enable meaningful appellate review; and to enter judgment in accordance with those findings and conclusions.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge