**UNITED STATES COURT OF APPEALS**

**May 21, 2014**

**TENTH CIRCUIT**

DEAN CARBAJAL; VICTORIA
CARBAJAL,

      Plaintiffs-Appellants,

v.

CAROL WARNER, Chief of
Probation for the Seventh Judicial
District, in her individual capacity;
DAVID ROMERO, Superior Probation
Officer for the Seventh Judicial
District, in his individual capacity;
JOE QUINTANA, Probation Officer
for the Seventh Judicial District, in his
individual capacity; FRED MCKEE,
Sheriff for the Delta Sheriff's
Department, in his individual capacity;
BILL RAILEY, Detention
Administrator for the Delta Detention
Center, in his individual capacity;
CHRIS WELDON, Sergeant for the
Delta Detention Center, in his
individual capacity; BENJAMIN
SCHROEDER, Deputy Sheriff for the
Delta Detention Center, in his
individual capacity; CITY AND
COUNTY OF DENVER, a political
subdivision of the State of Colorado;
GILBERTO LUCIO, Detective for the
Denver Police Department, in his
individual capacity; JAMES DIXON,
Police Officer for the Denver Police
Department, in his individual capacity;
ADAM BARRETT, Police Officer for
the Denver Police Department, in his
individual capacity; DARIN DESEL,

No. 13-1139
(D.C. No. 1:10-CV-02862-REB-KLM)
(D. Colo.)

Police Officer for the Denver Police Department, in his individual capacity; PERRY SPEELMAN, Police Officer for the Denver Police Department, in his individual capacity; JOEL SMITH, Police Officer for the Denver Police Department, in his individual capacity; JESSE REMBERT, Police Officer for the Denver Police Department, in his individual capacity; JAY LOPEZ, Police Officer for the Denver Police Department, in his individual capacity; MICHAEL O'NEILL, Police Officer for the Denver Police Department, in his individual capacity; JEFFREY WATTS, Investigator for the Second Judicial District, in his individual capacity; ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, in his individual capacity,

        Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

2

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Proceeding pro se,[1] state inmate Dean Carbajal appeals from the district court's denial of his motion for a preliminary injunction. For the reasons set forth below, we **affirm**.

## I

In 2010, Mr. Carbajal and his mother, Victoria Carbajal, filed a civil-rights complaint pursuant to 42 U.S.C. § 1983 against several dozen defendants, alleging a variety of constitutional injuries, as well as state-law fraud. On October 19, 2011, after twice granting leave to amend the complaint, the district court issued an order in which it dismissed a number of defendants, dismissed all of Mr. Carbajal's official-capacity claims, and dismissed Ms. Carbajal as a plaintiff.[2] Following that order, Mr. Carbajal filed a third amended complaint and, on the basis of that complaint, a motion for a preliminary injunction. He asked the court therein to enjoin the defendants from harassing and retaliating against him and his family, and to order the defendants not to destroy, withhold,

---

[1] Because Mr. Carbajal is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

[2] As discussed below, we have no jurisdiction to review the district court order dismissing Ms. Carbajal as a plaintiff. Therefore, even though Ms. Carbajal signed the notice of appeal and the appellate briefs, we will refer only to Mr. Carbajal when discussing the arguments raised on appeal.

3

or manufacture evidence. Mr. Carbajal further requested that any prosecution of him be terminated, that he be released from the custody of the state into the custody of the federal government, that his name be removed from the sex-offender registry, and that he be given an evidentiary hearing on his motion.

A magistrate judge issued a recommendation on the defendants' various motions to dismiss Mr. Carbajal's third amended complaint on August 29, 2012. In this document, the magistrate judge recommended the dismissal of Mr. Carbajal's claims against several of the defendants on the ground that there was no longer an ongoing injury to remedy and thus no cognizable cause of action. The district court adopted the magistrate judge's recommendation as to the third amended complaint in all relevant respects.

Shortly thereafter, Mr. Carbajal filed a motion styled "Corrected Petition for Federal Injunction," in which he reiterated all of the statements made in his earlier motion for a preliminary injunction. The magistrate judge subsequently recommended the denial of an injunction, and the district court adopted the magistrate's recommendation in full. Not to be deterred, Mr. Carbajal filed a document entitled "Plaintiff's [Contemporaneous] Objection to the Court's Order Adopting Recommendation of Magistrate Judge's Denial of Injunction." The district court construed the filing as a motion for reconsideration pursuant to

Federal Rule of Civil Procedure 60(b) and, so construed, denied it.[3]

Mr. Carbajal timely appealed from the March 6, 2013, order denying him an injunction.

## II

Mr. Carbajal's arguments on the merits can be divided into three categories: (1) those directed at the district court's denial of a preliminary injunction; (2) those directed at the district court's October 19, 2011, order dismissing certain claims and defendants, and dismissing Ms. Carbajal as a plaintiff; and (3) the district court's decision not to hold an evidentiary hearing on the motion for a preliminary injunction. The arguments brought by Mr. Carbajal are all unpersuasive.

## A

We review a district court's denial of a preliminary injunction for abuse of discretion. *See Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 775 (10th Cir. 2009); *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1223 (10th Cir. 2008). A preliminary injunction is warranted where the movant makes four showings: "(1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm if the injunction is not granted; (3) the balance of equities is in the moving party's favor; and (4) the preliminary

---

[3] On appeal, Mr. Carbajal does not contest the district court's decision to construe his filing as a Rule 60(b) motion for reconsideration.

injunction is in the public interest." *Republican Party of N.M. v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013); *accord N. Natural Gas Co. v. L.D. Drilling, Inc.*, 697 F.3d 1259, 1266 (10th Cir. 2012). "[B]ecause a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001)) (internal quotation marks omitted).

Mr. Carbajal advances only one intelligible argument that challenges the injunction order itself, namely, that a preliminary injunction was warranted with respect to his claims that prosecutors and other individuals have been harassing and mistreating him in various ways.[4] It is not clear exactly how Mr. Carbajal

---

[4] To the extent Mr. Carbajal is attempting to make out other challenges to the injunction order in his opening brief, he does not explain them sufficiently to justify our consideration of the challenges. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) ("Because [Plaintiff] is pro se, we liberally construe his filings, but we will not act as his advocate."). Mr. Carbajal's reply brief could be read to dispute the district court's refusal to order him declassified as a sex offender and to dispute the district court's decision not to remove various defendants from their positions. These arguments are not coherently made in the opening brief and are consequently waived. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (noting that arguments not adequately made in opening briefs, even by pro se prisoner plaintiffs, are deemed waived).

In any event, we have reviewed the pertinent sections of the record and see no basis for holding that the district court abused its discretion in denying Mr. Carbajal the requested injunction on any ground. Thus, insofar as Mr. Carbajal is

(continued...)

6

imagines the requested injunction will address this alleged misconduct. From his

somewhat meandering filings, there are only two potential answers: (1) that the

preliminary injunction will order the defendants to stop harassing him; and (2)

that the preliminary injunction will order him released from state custody. At

best, the first option would amount to little more than a general order directing

the defendants to comply with the law and, as such, would be insufficiently

specific to merit injunctive relief. *Cf. Vallario v. Vandehey*, 554 F.3d 1259, 1268

(10th Cir. 2009) ("Injunctions simply requiring a defendant 'to obey the law' are

generally 'too vague' to satisfy" the Federal Rules of Civil Procedure (quoting

*Monreal v. Potter*, 367 F.3d 1224, 1236 (10th Cir. 2004))). As for the second

option, to the extent Mr. Carbajal is seeking to be released from state confinement

in this § 1983 action, he has no likelihood of success on the merits because his

claim is barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See*

*Morris v. Noe*, 672 F.3d 1185, 1193 n.2 (10th Cir. 2012) ("[Pursuant to *Heck*,] a

plaintiff cannot recover under § 1983 if a judgment in his favor would necessarily

imply the invalidity of his conviction unless the conviction has been reversed or

otherwise invalidated." (internal quotation marks omitted)); *accord Cohen v.*

*Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010). Accordingly, the district court

---

[4](...continued)
reiterating any or all of the arguments he made in his initial motions for a
preliminary injunction, none of those arguments are meritorious, and affirmance
is still appropriate.

did not abuse its discretion in denying a preliminary injunction.[5]

**B**

Mr. Carbajal asserts a series of challenges to the district court's October 19, 2011, order. In particular, he finds error in the following rulings rendered by the district court in that order: (1) to dismiss various defendants; (2) to dismiss all of Mr. Carbajal's official-capacity claims; and (3) to dismiss Ms. Carbajal as a plaintiff.

A ruling is final, and thus appealable for purposes of 28 U.S.C. § 1291, "when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Koch v. City of Del City*, 660 F.3d 1228, 1235 (10th Cir. 2011) (quoting *SEC v. Merrill Scott & Assocs.*, 600 F.3d 1262, 1270 (10th Cir. 2010)) (internal quotation marks omitted). The district court's October 19, 2011, order only dismissed some claims and some defendants. It therefore did not terminate the litigation on the merits, and Mr. Carbajal could not appeal it.

Because the dismissal order is unappealable, we may review it only if it "is inextricably intertwined with the appealable decision, or [if] review of the nonappealable decision is necessary to ensure meaningful review of the

---

[5] The district court did not employ the reasoning outlined above, but we may affirm its ruling on any basis supported by the record. *See, e.g.*, *Eller v. Trans Union, LLC*, 739 F.3d 467, 476 (10th Cir. 2013), *cert. denied*, --- U.S. ----, --- S. Ct. ----, 2014 WL 1415306 (U.S. May 5, 2014); *United States v. Mabry*, 728 F.3d 1163, 1165 n.1 (10th Cir. 2013), *cert. denied*, --- U.S. ----, 134 S. Ct. 1354 (2014).

appealable one." *Sunshine Haven Nursing Operations, LLC v. U.S. Dep't of Health & Human Servs.*, 742 F.3d 1239, 1251 (10th Cir. 2014) (quoting *Moore v. City of Wynnewood*, 57 F.3d 924, 929–30 (10th Cir. 1995)) (internal quotation marks omitted).  Neither of these criteria is satisfied here.  Mr. Carbajal makes only two discernible arguments for *why* we should reassess the matters decided in the October 19, 2011, order: (1) the dismissed defendants have engaged in and continue to engage in wrongful behavior; and (2) this court must correct the district court's erroneous conclusions in the October 19, 2011, order so that we may afford him the injunctive relief he seeks.  These arguments do not establish that the dismissal order is "inextricably intertwined" with the injunction order, or that consideration of the former "is necessary to ensure meaningful review" of the latter.  *Id.* (internal quotation marks omitted).

The district court's reasons for denying the preliminary injunction are unrelated to its reasons for dismissing the defendants, dismissing the official-capacity claims, and dismissing Ms. Carbajal as a plaintiff.  *Compare* R., Vol. IV, at 155–67 (Order, filed Oct. 19, 2011), *with id.*, Vol. V, at 572–77 (Recommendation, filed Nov. 13, 2012).  We need not consider the dismissals to meaningfully review the injunction order.  As a consequence, we have no jurisdiction to review the October 19, 2011, order and no jurisdiction to grant Mr. Carbajal relief on these arguments.

9

**C**

Mr. Carbajal complains that the district court improperly denied him an evidentiary hearing on his motion for a preliminary injunction. We review the district court's decision to deny an evidentiary hearing for abuse of discretion. *See ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1187 (10th Cir. 2011) (reviewing a district court's decision not to hold a hearing on attorneys' fees for abuse of discretion); *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1224 (10th Cir. 2005) (reviewing a district court's decision not to hold a hearing on juror dishonesty during voir dire in § 1983 case for abuse of discretion); *Jackson v. Fair*, 846 F.2d 811, 819 (1st Cir. 1988) (reviewing the district court's denial of an evidentiary hearing on a motion for a preliminary injunction for "clear abuse of discretion").

As indicated above, Mr. Carbajal fails to show any error in the district court's denial of injunctive relief, and he asserts no independent ground for why a hearing was appropriate. *See Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191, 1998 WL 339465, at *3 (10th Cir. 1998) ("[Plaintiff] has failed to cite any Tenth Circuit authority that requires a district court to hold an evidentiary hearing prior to granting or denying a preliminary injunction motion. . . . Accordingly, we do not instruct the district court to hold an evidentiary hearing prior to disposition of [Plaintiff's] motion, although the district court is free to do so within its own discretion."). He therefore does not establish that the district court abused its

10

discretion in denying a hearing. *See Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 545 (10th Cir. 2000) ("An evidentiary hearing, however, was unnecessary to resolve these legal issues.").

### III

The district court transmitted Volume 8 of the record under seal. It did so on the basis of the following analysis:

> [C]ertain documents containing information of a private nature were filed on the electronic docket by some of the Defendants. The parties may not file such documents without redaction or restriction of such private and personal information. Thus, pursuant to D.C.COLO.LCivR 7.2, the Court *sua sponte* finds that the presumption of public access to Court files is outweighed by Plaintiff's interest in privacy in his tax records, social security number, and birth date, and that a less restrictive alternative is not practicable.

Dist. Ct. Doc. 459, at 16–17 (Order, filed Mar. 18, 2013) (citations omitted). We ordered the parties to show cause as to why and for how long the materials in Volume 8 should be sealed. The parties all responded that the materials were appropriately sealed and should remain so. Following the parties' responses, the clerk of this court issued an order indicating that the documents would provisionally remain under seal subject to an ultimate determination by the merits panel. Upon further consideration, we take the same position as the district court, a position the parties also unanimously embrace. *See Lucero v. Sandia Corp.*, 495 F. App'x 903, 914 (10th Cir. 2012) (retaining under seal documents that included an individual's date of birth); *cf.* Fed. R. Civ. P. 5.2(a) (requiring filings with

11

Social Security numbers, taxpayer information, and birth dates to reveal only limited portions of such information). Accordingly, Volume 8 will remain sealed.

**IV**

Mr. and Ms. Carbajal have separately filed motions to proceed *in forma pauperis* ("IFP"). As demonstrated by the preceding analysis, their co-signed briefs advance no "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted), and the Carbajals' motions to proceed IFP are therefore denied. The Carbajals are reminded that they are jointly obligated to pay the full amount of a single filing fee. *See* Order, No. 13-1139, at 1 (10th Cir., filed Nov. 15, 2013) ("Any payments made by appellant Victoria Carbajal toward the filing fee for this appeal will be deducted from the amount owed by appellant Dean Carbajal.").

**V**

For the reasons stated, we **AFFIRM** the judgment of the district court, **DENY** the Carbajals' motions to proceed IFP, and retain the seal on Volume 8 of the record.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

12