[Civ. No. 3278.   Second Appellate District, Division Two.—January
19, 1920.]

SOL COHN and RALPH W. CUMMINGS, Petitioners, v.
EDWIN ISENSEE, City Clerk, etc., Respondent.

[1] Mandamus—Jurisdiction—Denial of Application by Superior
Court—Subsequent Original Application in District Court of
Appeal—Defenses.—The district court of appeal and the superior
court have co-ordinate or concurrent jurisdiction to grant an origi-
nal application for a writ of mandate; and the pendency of a
prior proceeding in *mandamus* in the superior court constitutes a
good defense by way of a plea in abatement, and, when the ·judg-
ment of the superior court becomes final, it may be pleaded in bar
of a similar proceeding between the same parties in the district
court of appeal.

PROCEEDING in Mandamus to compel the receipt and
filing of a nominating petition.   Writ denied.

· The facts are stated in the opinion of the court.

Walter E. Barry for Petitioners.

H. F. Orr for Respondent.

FINLAYSON, P. J.—Petitioners, invoking the original jur-
isdiction of this court, have petitioned for a writ of man-
date to compel the respondent, the city clerk of the city of
San Buenaventura, to receive and file the nominating peti-
tion of each of four electors of the city—upon whose behalf
the petition for the writ is presented—whereby each of the
four is nominated for election to the office of city trustee,
to be voted for at a special recall election to be held January
27, 1920.

[1]   Respondent demurs to the petition upon the ground
that it appears on the face thereof that a final judgment
has been entered in the same matter by the superior court
in and for Ventura County.

It appears from the petition that on January 8, 1920,
the jurisdiction of the superior court for Ventura County
was similarly invoked in a *mandamus* proceeding between
the same parties and involving the same subject matter; that
the superior court issued an alternative writ returnable be-

fore it January 12, 1920; and that on that day the court, after due hearing, gave judgment for the respondent and denied the peremptory writ. Notwithstanding the petition filed in this court discloses this prior adjudication by the superior court, we directed the issuance of the alternative writ of mandate, returnable before us on this nineteenth day of January, 1920, upon the theory that, while an appeal from the judgment of the superior court would afford a plain remedy, the remedy by appeal is neither speedy nor adequate, since, in the nature of things, the appeal could not be decided until long after the date set for the recall election. Upon more deliberate consideration, we are convinced that the prior proceeding in the superior court is matter for abatement of the original proceeding before us.

This court and the superior court have co-ordinate or concurrent jurisdiction to grant an original application for mandate. When a court of competent jurisdiction has adjudicated directly upon a particular matter, the same point is not open to inquiry in a subsequent action for the same cause and between the same parties. The doctrine of estoppel by judgment does not rest upon any superior authority of the court rendering the judgment. Indeed, in the issuance of writs of *mandamus,* this court and the superior court are peers. Unless reversed on appeal, the judgment of the superior court, when final, is a conclusive determination of the rights of the respective parties to the proceeding. It is an adjudication by a competent tribunal. And it is an adjudication by *a* competent tribunal, and not an adjudication by *every* competent tribunal, to which the petitioner for a writ of mandate is entitled. It does not accord with the orderly administration of the law to allow an application for *mandamus* to be made to the superior court, and, failing there, to this court, and, mayhap, to the supreme court, should the petitioner fail here.

Having elected to submit the issue to the superior court petitioners must abide by the judgment of that tribunal unless and until it be reversed on appeal. The superior court having adjudicated the·merits of the application, that adjudication is as conclusive upon this court, except on appeal, as upon another superior court. The pendency of the prior proceeding in the superior court is good defense by way of a plea in abatement, and, when the judgment of the

superior court becomes final, it may be pleaded in bar of a similar proceeding here between the same parties. (*Santa Cruz Gap T. Co.* v. *Santa Clara Co.*, 62 Cal. 40; *Knowles* v. *Thompson*, 133 Cal. 245, [65 Pac. 468]; *Goytino* v. *McAleer*, 4 Cal. App. 655, [88 Pac. 991].)

The demurrer to the petition is sustained and the writ denied.

Sloane, J., and Thomas, J., concurred.