**2000 UT 33**

**LeRay GATES and Debra Verdille Gates, Petitioners,**

v.

**The Honorable James TAYLOR and Dustin Forman, Respondents.**

**No. 991081.**

Supreme Court of Utah.

Feb. 4, 2000.

Kathleen M. McConkie, Salt Lake City, for petitioners.

Ronald H. Goodman, American Fork, for Forman.

Brent M. Johnson, Salt Lake City, for Judge Taylor.

Heard at Law and Motion before Chief Justice HOWE, Associate Chief Justice DURHAM, and Justice RUSSON.

PER CURIAM:

¶ 1 Petitioners filed a Petition for Extraordinary Writ with this court, seeking prohibition of enforcement of a lower court order in an adoption matter. Petitioners filed an identical petition for relief with the Utah Court of Appeals in November, 1999. The earlier petition alleged the same facts, raised the same issues between the same parties, and relied on the same arguments as are now present before us. The court of appeals reviewed the pleadings, heard oral argument, and denied the petition. Although the court's written order denying the petition is brief, it is clear that the matter was decided on the merits and not on any procedural ground.

¶ 2 That being the case, petitioners are barred by the doctrine of res judicata from seeking the same relief from this court in a successive petition for a writ. Their only option for review of the decision of the court of appeals was to petition this court to review it on a writ of certiorari. *See generally* Annotation, *Judgment Granting or Denying Writ of Mandamus or Prohibition as Res Judicata,* 21 A.L.R.3d 206.

¶ 3 It is immaterial that the judgment of denial was issued by a lower court. This court and the Utah Court of Appeals both have original jurisdiction over petitions for extraordinary writ, and "[w]hen a court of competent jurisdiction has adjudicated directly upon a particular matter, the same point is not open to inquiry in a subsequent action for the same cause and between the same parties." *Cohn v. Isensee,* 45 Cal.App. 509, 188 P. 278 (1920). Sound policy, principles of judicial economy, and fairness to the parties require that final judgments on the merits be subject only to proper appellate review and not to successive relitigation in new courts. Therefore, we dismiss this petition as barred by res judicata.