The FUNDAMENTALIST CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS, an Association of Individuals, Plaintiff–Appellee,

v.

Thomas C. HORNE, Attorney General for the State of Arizona, Defendant–Appellant,

and

Bruce R. Wisan, Special Fiduciary of the United Effort Plan Trust; Mark Shurtleff, Attorney General for the State of Utah; Denise Posse Lindberg, Judge of the Third Judicial District Court of Salt Lake County, State of Utah, Defendants,

and

Richard Jessop Ream; Thomas Samuel Steed; Don Ronald Fischer; Dean Joseph Barlow; Walter Scott Fischer; Richard Gilbert; Brent Jeffs, Intervenors.

Fundamentalist Church of Jesus Christ of Latter–Day Saints, an Association of Individuals, Plaintiff–Appellee,

v.

Mark L. Shurtleff, Attorney General for the State of Utah, Defendant–Appellant,

and

Thomas C. Horne, Attorney General for the State of Arizona; Bruce R. Wisan, Special Fiduciary of the United Effort Plan Trust; Denise Posse Lindberg, Judge of the Third Judicial District Court of Salt Lake County, State of Utah,

and

Richard Jessop Ream; Thomas Samuel Steed; Don Ronald Fischer; Dean Joseph Barlow; Walter Scott Fischer; Richard Gilbert; Brent Jeffs, Intervenors.

Fundamentalist Church of Jesus Christ of Latter–Day Saints, an Association of Individuals, Plaintiff–Appellee,

v.

Bruce R. Wisan, Special Fiduciary of the United Effort Plan Trust, Defendant–Appellant,

and

Mark L. Shurtleff, Attorney general for the State of Utah; Thomas C. Horner, Attorney General for the State of Arizona; Denise Posse Lindberg, Judge of the Third Judicial District Court of Salt Lake County, State of Utah, Defendants,

and

Richard Jessop Ream; Thomas Samuel Steed; Don Ronald Fisher; Dean Joseph Barlow; Walter Scott Fischer; Richard Gilbert; Brent Jeffs, Intervenors.

Fundamentalist Church of Jesus Christ of Latter–Day Saints, an Association of Individuals, Plaintiff–Appellee,

v.

Bruce R. Wisan, Special Fiduciary of the United Effort Plan Trust; Mark L. Shurtleff, Attorney General for the State of Utah; Thomas C. Horne, Attorney General for the State of Arizona; Denise Posse Lindberg, Judge of the Third Judicial District Court of Salt Lake County, State of Utah, Defendants,

and

Richard Jessop Ream; Thomas Samuel Steed; Don Ronald Fischer; Dean Joseph Barlow; Walter Scott Fischer; Richard Gilbert; Brent Jeffs, Intervenors–Appellants.

Fundamentalist Church of Jesus Christ of Latter–Day Saints, an Association of Individuals, Plaintiff–Appellee,

v.

Denise Posse Lindberg, Judge of the Third Judicial District Court of Salt Lake County, State of Utah, Defendant–Appellant,

and

Bruce R. Wisan, Special Fiduciary of the United Effort Plan Trust; Mark L. Shurtleff, Attorney General for the State of Utah; Thomas C. Horne, Attorney General for the State of Arizona, Defendants,

and

Richard Jessop Ream; Thomas Samuel Steed; Don Ronald Fischer; Dean Joseph Barlow; Walter Scott Fischer; Richard Gilbert; Brent Jeffs, Intervenors,

and

Jonathan Harker, Hyrum Harker; Harker Dairy Farm, Movants.

Fundamentalist Church of Jesus Christ of Latter–Day Saints, an Association of Individuals, Plaintiff–Appellee,

v.

Thomas C. Horne, Attorney General for the State of Arizona, Defendant–Appellant,

and

Bruce R. Wisan, Special Fiduciary of the United Effort Plan Trust; Mark L. Shurtleff, Attorney General for the State of Utah; Denise Posse Lindberg, Judge of the Third Judicial District Court of Salt Lake County, State of Utah, Defendants,

and

Richard Jessop Ream; Thomas Samuel Steed, Don Ronald Fischer; Dean Joseph Barlow; Walter Scott Fischer; Richard Gilbert; Brent Jeffs, Intervenors,

and

Harker Dairy Farm; Jonathan Harker, Movants.

Fundamentalist Church of Jesus Christ of Latter–Day Saints, an Association of Individuals, Plaintiff–Appellee,

v.

Bruce R. Wisan, Special Fiduciary of the United Effort Plan Trust; Mark L. Shurtleff, Attorney General for the State of Utah; Thomas C. Horne, Attorney General for the State of Arizona; Denise Posse Lindberg, Judge of the Third Judicial District Court of Salt Lake County, State of Utah, Defendants,

and

Richard Jessop Ream; Thomas Samuel Steed; Don Ronald Fischer; Dean Joseph Barlow; Walter Scott Fischer; Richard Gilbert; Brent Jeffs, Intervenors–Appellants.

Fundamentalist Church of Jesus Christ of Latter–Day Saints, an Association of Individuals, Plaintiff–Appellee,

v.

Bruce R. Wisan, Special Fiduciary of the United Effort Plan Trust, Defendant–Appellant,

and

Mark L. Shurtleff, Attorney General for the State of Utah; Thomas C. Horne, Attorney General for the State of Arizona; Denise Posse Lindberg, Judge of the Third Judicial District Court of Salt Lake County, State of Utah, Defendants,

and

Richard Jessop Ream; Thomas Samuel Steed; Don Ronald Fischer; Dean Joseph Barlow; Walter Scott Fischer; Richard Gilbert; Brent Jeffs, Intervenors.

Nos. 11–4049, 11–4050, 11–4053, 11–4059, 11–4066, 11–4071, 11–4072, 11–4076.

United States Court of Appeals, Tenth Circuit.

March 2, 2012.

James C. Bradshaw, Brown, Bradshaw & Moffat, Stephen C. Clark, Ryan M. Harris, Kenneth A. Okazaki, Jones, Waldo, Holbrook & McDonough, Frederick Mark Gedicks, Rodney R. Parker, Richard A. Van Wagoner, Esq., Snow, Christensen & Martineau, Salt Lake City, UT, for Plaintiff–Appellee.

Mark Philip Bookholder, Office of the Attorney General for the State of Arizona, Phoenix, AZ, Michael H. Hinson, Office of the Attorney General for the State of Arizona, Tucson, AZ, Randy S. Hunter, Office of the Attorney General for the State of Utah, Salt Lake City, UT, for Defendant–Appellant.

Jeffrey Lane Shields, Zachery T. Shields, Michael D. Stanger, Callister, Nebeker & McCullough, Joni J. Jones, Peggy

E. Stone, David N. Wolf, Office of the Attorney General for the State of Utah, Brent Michael Johnson, Esq., Administrative Office of the Courts, Salt Lake City, UT, for Defendants.

Gregory N. Hoole, Roger H. Hoole, Hoole & King, Salt Lake City, UT, for Intervenors.

Before BRISCOE, Chief Judge, BALDOCK and TYMKOVICH, Circuit Judges..

## ORDER CERTIFYING STATE LAW QUESTIONS

MARY BECK BRISCOE, Chief Judge.

The United States Court of Appeals for the Tenth Circuit, pursuant to Tenth Circuit Rule 27.1 and Utah Rule of Appellate Procedure 41, requests that the Utah Supreme Court exercise its discretion and accept the following important certified question of Utah law:

> Under Utah preclusion law, is the Utah Supreme Court's discretionary review of a petition for extraordinary writ and subsequent dismissal on laches grounds a decision "on the merits" when it is accompanied by a written opinion, such that later adjudication of the same claim is barred?

The resolution of this question of Utah law will likely control the outcome in appeals pending before our court. There does not appear to be any controlling Utah law addressing this issue. The background relevant to a determination of the certified question is set forth below.

## I.

This case concerns a Utah probate court's reformation of a religious charitable trust—the United Effort Plan Trust ("UEP Trust")—and its ongoing involvement in the administration of that trust. In October 2008, plaintiff-appellee Fundamentalist Church of Jesus Christ of Latter–Day Saints[1] ("FLDS Association") filed a complaint in the United States District Court for the District of Utah seeking declaratory and injunctive relief. The complaint named as defendants the attorneys general of Utah and Arizona, Utah District Judge Denise Posse Lindberg, and Bruce R. Wisan, the court-appointed special fiduciary. The complaint included six claims for relief, including: (1) a claim for declaratory relief under 42 U.S.C. § 1983 alleging deprivation of the FLDS Association's rights under the Establishment Clause and Free Exercise Clause of the United States Constitution; (2) a claim for declaratory relief under Art. 1, §§ 1 and 4 of the Utah Constitution; (3) a claim for violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.;* (4) a claim that Utah Code Ann. § 76–7–101, which prohibits plural marriage, is unconstitutional as applied under the United States Constitution and the Utah Constitution; (5) a claim that Utah Code Ann. §§ 75–7–1001, – 412(1), and –412(1)(c) are unconstitutional as applied; and (6) a claim for injunctive relief against the defendants' "continuing administration" of the UEP Trust. The FLDS Association later moved for a temporary restraining order and preliminary injunction against the probate court's ongoing administration of the UEP Trust.

---

**1.** The church itself is not a party to this case. Plaintiff-appellee refers to itself as "The Fundamentalist Church of Jesus Christ of Latter–Day Saints, an Association of Individuals" ("FLDS Association"). According to the district court's assessment, the FLDS Association includes some 5,000 people. As an association of individual church members or adherents, the FLDS Association does not represent the church itself or the Corporation of the President (COP), a separate legal entity.

In October 2009, while the federal case was pending, the FLDS Association filed a petition for extraordinary writ in the Utah Supreme Court. The petition challenged Judge Lindberg's reformation of the UEP Trust on substantially similar grounds as the federal complaint. The Utah Supreme Court dismissed the petition in a written opinion. The court observed that because "parties who file petitions for extraordinary writ under Utah Rule of Civil Procedure 65B have no right to receive a remedy that corrects a lower court's mishandling of a particular case, . . . extraordinary relief under rule 65B(d)(2) is completely" discretionary. *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Lindberg,* 238 P.3d 1054, 1061–62 (Utah 2010) (footnote and internal quotation marks omitted). Citing the equitable doctrine of laches, the court observed that the FLDS Association "was not diligent in challenging the [state] district court's modification of the UEP Trust, and that lack of diligence has resulted in prejudice to numerous parties." *Id.* at 1066.

After the Utah Supreme Court issued its decision *Lindberg,* the federal district court took up the FLDS Association's pending motion for a preliminary injunction. The court recognized that the constitutional claims raised in *Lindberg* were similar to those raised in the federal complaint. The court ordered supplemental briefing on the res judicata effect of *Lindberg.* In its February 24, 2011, memorandum opinion and order granting the FLDS Association a preliminary injunction, the district court determined that "the Utah Supreme Court's finding of laches [in *Lindberg* ] was not a judgment on the merits for res judicata purposes." Memorandum Opinion and Order at 37, *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Wisan,* 773 F.Supp.2d 1217, 1239 (D.Utah 2011). The court acknowledged that both parties "agree that the law of the state of Utah on this point is not settled" because "there is no clear precedent from the Utah Supreme Court or any other Utah state court regarding whether laches always constitutes a 'judgment on the merits' for res judicata purposes." *Id.* at 1238. Despite this uncertainty, the court attempted to discern the Utah Supreme Court's likely approach to the question. It explained that while there are various approaches, "one common element . . . is whether the underlying case in which laches was found included a fair examination of the circumstances and merits of the suit." *Id.* at 1239. In analyzing the *Lindberg* opinion, the court concluded that the Utah Supreme Court did not undertake an "assessment of any kind whatsoever as to whether the [FLDS Association's] claims of serious constitutional violations had any merit at all." *Id.* at 1241. "As a result," the court reasoned, "the plaintiffs have not yet had a forum in which their claims of serious constitutional violations have been entertained or addressed sufficiently to earn a finding that they were on the merits." *Id.* After concluding that *Lindberg* should not have preclusive effect, the court went on to grant the FLDS Association's motion for preliminary injunction because "the method the [defendants] chose to utilize in dealing with the Trust" likely violated the Constitution and supported preliminary injunctive relief. *Id.* at 1244.

## II.

We state at the outset that "[c]ertification by this court in no way implies an abuse of discretion by the district court in failing to certify, but only indicates our independent judgment on the question." *Pino v. United States,* 507 F.3d 1233, 1235 (10th Cir.2007). We have previously said that we must "seek to give meaning and respect to the federal character of our judicial system, recognizing that the judi-

cial policy of a state should be decided when possible by state, not federal, courts." *Id.* at 1236. Undertaking de novo review of the question, *see Soc'y of Lloyd's v. Reinhart,* 402 F.3d 982, 1001–02 (10th Cir.2005), we conclude that the Utah Supreme Court is the proper venue for this novel and unsettled question of Utah law.

The unsettled nature of this issue of Utah preclusion law is apparent to all parties involved in these complicated cases. While some have assured us that there is "a reasonably clear and principled course" for us to follow, *see Pino,* 507 F.3d at 1236, we have no trouble concluding that the preclusive effect of the Utah Supreme Court's dismissal of a petition for extraordinary writ on laches grounds is far from certain under Utah law. It is clear that a court's denial of a petition for extraordinary writ *without written opinion* is generally not a decision "on the merits" for purposes of res judicata. *See Kennecott Copper Corp. v. Salt Lake County,* 575 P.2d 705, 708 (Utah 1978). And a party is barred by res judicata from seeking a petition for extraordinary writ in the Utah Supreme Court after such writ is denied by the Utah Court of Appeals in a written order. *See Gates v. Taylor,* 997 P.2d 903, 903 (Utah 2000) (per curiam) ("[W]hen a court of competent jurisdiction has adjudicated directly upon a particular matter, the same point is not open to inquiry in a subsequent action for the same cause and between the same parties.") (quoting *Cohn v. Isensee,* 45 Cal.App. 509, 188 P. 278 (Cal.Dist.Ct.App.1920)). But the Utah courts have never squarely decided whether a dismissal of a petition for extraordinary writ on laches grounds bars subsequent litigation of the same claim, or related claims, in a different court.

Courts in other states have reached different conclusions on this issue. *Compare Johnson v. City of Loma Linda,* 24 Cal.4th 61, 99 Cal.Rptr.2d 316, 5 P.3d 874, 884 (2000) ("The defense of laches has nothing to do with the merits of the cause against which it is asserted.... The telling consideration must be that laches constitutes an affirmative defense *which does not reach the merits of the cause ....*" (citation omitted)); *with Day v. Wiswall's Estate,* 93 Ariz. 400, 381 P.2d 217, 220 (1963) ("Unlike the statute of limitations, the doctrine of laches is properly applied only after a consideration of the circumstances and merits of a suit.... The judgment in the [prior] suit was not one of dismissal, but, after a full hearing and consideration of evidence and a finding of laches as a fact, was that the plaintiff take nothing by reason of the actions. It was therefore a judgment on the merits." (citations omitted)).

While a court's dismissal of a petition for extraordinary writ may amount to an adjudication "on the merits," a court may also deny relief on discretionary grounds or on the basis of "limitations inherent in the extraordinary nature of the writ." *Hiley v. United States,* 807 F.2d 623, 625–26 (7th Cir.1986) ("Where, as here, the denial of the petition is based not on the merits of the dispute, but rather on the limitations inherent in the extraordinary nature of the writ, such a denial does not preclude examination of the merits of the questions presented in the mandamus petition under the doctrine[ ] of res judicata ...."); *see also FOCUS v. Allegheny Cnty. Ct. of Common Pleas,* 75 F.3d 834, 842 (3d Cir.1996) ("Where the extraordinary jurisdiction of a court is unsuccessfully invoked and the court does not expressly adjudicate the tendered merits issue, the general rule is that there is no preclusive effect and the petitioning party is free subsequently to pursue his claim in any appropriate forum."); 18A Charles Alan Wright et al., Federal Practice & Procedure § 4445 (2d ed. 2002) ("Denial of a writ commonly rests

on severe limitations of jurisdiction and discretion that prevent the court from applying ordinary tests of reversible error. If a decision is confined by these limitations, it should not preclude examination of the merits in later proceedings. Preclusion is appropriate only if denial rested on the merits of the questions presented rather than remedial limitations." (footnotes omitted)). If a party is barred by laches from obtaining discretionary and extraordinary relief, does it necessarily follow that laches would apply of the same force to a claim invoking a court's mandatory jurisdiction? Because the proper course in Utah is not well marked, we will defer to the Utah Supreme Court's determination of the preclusive effect of its own decisions.

### III.

Accordingly, under Utah Rule of Appellate Procedure 41, we hereby certify this question of state law to the Utah Supreme Court. The Clerk of this court shall transmit a copy of this certification order to counsel for all parties. The Clerk shall also forward, under the Tenth Circuit's official seal, a copy of this certification order and the briefs filed in this court to the Utah Supreme Court. These appeals are ABATED pending resolution of the certified question.