**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FUNDAMENTALIST CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS, an Association of Individuals,

     Plaintiff-Appellee,

v.

THOMAS C. HORNE, Attorney General
for the State of Arizona,

     Defendant-Appellant,

and

BRUCE R. WISAN, Special Fiduciary of
the United Effort Plan Trust; MARK L.
SHURTLEFF, Attorney General for the
State of Utah; DENISE POSSE
LINDBERG, Judge of the Third Judicial
District Court of Salt Lake County, State
of Utah,

     Defendants,

and

RICHARD JESSOP REAM; THOMAS
SAMUEL STEED; DON RONALD
FISCHER; DEAN JOSEPH BARLOW;
WALTER SCOTT FISCHER; RICHARD
GILBERT; BRENT JEFFS,

     Intervenors.

No. 11-4049

FUNDAMENTALIST CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS, an Association of Individuals,

     Plaintiff-Appellee,

v.

MARK L. SHURTLEFF, Attorney
General for the State of Utah,

     Defendant-Appellant,

and

THOMAS C. HORNE, Attorney General
for the State of Arizona; BRUCE R.
WISAN, Special Fiduciary of the United
Effort Plan Trust; DENISE POSSE
LINDBERG, Judge of the Third Judicial
District Court of Salt Lake County, State
of Utah,

     Defendants,

and

RICHARD JESSOP REAM; THOMAS
SAMUEL STEED; DON RONALD
FISCHER; DEAN JOSEPH BARLOW;
WALTER SCOTT FISCHER; RICHARD
GILBERT; BRENT JEFFS,

     Defendants-Intervenors.

_____

FUNDAMENTALIST CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS, an Association of Individuals,

     Plaintiff-Appellee,

No. 11-4050

_____

v.

BRUCE R. WISAN, Special Fiduciary of the United Effort Plan Trust,

     Defendant-Appellant,

and

MARK L. SHURTLEFF, Attorney General for the State of Utah; THOMAS C. HORNE, Attorney General for the State of Arizona; DENISE POSSE LINDBERG, Judge of the Third Judicial District Court of Salt Lake County, State of Utah,

     Defendants,

and

RICHARD JESSOP REAM; THOMAS SAMUEL STEED; DON RONALD FISCHER; DEAN JOSEPH BARLOW; WALTER SCOTT FISCHER; RICHARD GILBERT; BRENT JEFFS,

     Defendants-Intervenors.

_____

THE FUNDAMENTALIST CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an Association of Individuals,

     Plaintiff-Appellee,

v.

BRUCE R. WISAN, Special Fiduciary of the United Effort Plan Trust; MARK L. SHURTLEFF, Attorney General for the State of Utah; THOMAS C. HORNE,

No. 11-4053

_____

No. 11-4059

3

Attorney General for the State of Arizona; DENISE POSSE LINDBERG, Judge of the Third Judicial District Court of Salt Lake County, State of Utah,

      Defendants,

and

RICHARD JESSOP REAM; THOMAS SAMUEL STEED; DON RONALD FISCHER; DEAN JOSEPH BARLOW; WALTER SCOTT FISCHER; RICHARD GILBERT; BRENT JEFFS,

      Intervenors-Appellants.

_____

FUNDAMENTALIST CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an Association of Individuals,

      Plaintiff-Appellee,

v.

DENISE POSSE LINDBERG, Judge of the Third Judicial District Court of Salt Lake County, State of Utah,

      Defendant-Appellant,

and

BRUCE R. WISAN, Special Fiduciary of the United Effort Plan Trust; MARK L. SHURTLEFF, Attorney General for the State of Utah; THOMAS C. HORNE, Attorney General for the State of Arizona,

      Defendants,

_____

No. 11-4066

4

and

RICHARD JESSOP REAM; THOMAS SAMUEL STEED; DON RONALD FISCHER; DEAN JOSEPH BARLOW; WALTER SCOTT FISCHER; RICHARD GILBERT; BRENT JEFFS,

  Intervenors,

and

JONATHAN HARKER; HYRUM HARKER; HARKER DAIRY FARM,

  Movants.

_____   _____

FUNDAMENTALIST CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an Association of Individuals,

  Plaintiff-Appellee,

v.

THOMAS C. HORNE, Attorney General for the State of Arizona,

  Defendant-Appellant,

and

BRUCE R. WISAN, Special Fiduciary of the United Effort Plan Trust; MARK L. SHURTLEFF, Attorney General for the State of Utah; DENISE POSSE LINDBERG, Judge of the Third Judicial District Court of Salt Lake County, State of Utah,

  Defendants,

No. 11-4071

and

RICHARD JESSOP REAM; THOMAS SAMUEL STEED, DON RONALD FISCHER; DEAN JOSEPH BARLOW; WALTER SCOTT FISCHER; RICHARD GILBERT; BRENT JEFFS,

     Intervenors,

and

HARKER DAIRY FARM; JONATHAN HARKER,

     Movants.

_____  _____

FUNDAMENTALIST CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an Association of Individuals,

     Plaintiff-Appellee,

v.                                        No. 11-4072

BRUCE R. WISAN, Special Fiduciary of the United Effort Plan Trust; MARK L. SHURTLEFF, Attorney General for the State of Utah; THOMAS C. HORNE; Attorney General for the State of Arizona; DENISE POSSE LINDBERG, Judge of the Third Judicial District Court of Salt Lake County, State of Utah,

     Defendants,

and

RICHARD JESSOP REAM; THOMAS SAMUEL STEED; DON RONALD FISCHER; DEAN JOSEPH BARLOW;

WALTER SCOTT FISCHER; RICHARD GILBERT; BRENT JEFFS,

     Intervenors-Appellants.

_____

FUNDAMENTALIST CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an Association of Individuals,

     Plaintiff-Appellee,

v.

BRUCE R. WISAN, Special Fiduciary of the United Effort Plan Trust,

     Defendant-Appellant,

and

MARK L. SHURTLEFF, Attorney General for the State of Utah; THOMAS C. HORNE, Attorney General for the State of Arizona; DENISE POSSE LINDBERG, Judge of the Third Judicial District Court of Salt Lake County, State of Utah,

     Defendants,

and

RICHARD JESSOP REAM; THOMAS SAMUEL STEED; DON RONALD FISCHER; DEAN JOSEPH BARLOW; WALTER SCOTT FISCHER; RICHARD GILBERT; BRENT JEFFS,

     Defendants-Intervenors.

_____

No. 11-4076

7

Submitted on the briefs:

Michael H. Hinson, Assistant Attorney General, Tucson, Arizona; Mark P. Bookholder, Assistant Attorney General, Phoenix, Arizona, for Defendant-Appellant Thomas C. Horne, Arizona Attorney General.

Peggy E. Stone, Assistant Utah Attorney General, Salt Lake City, Utah, for Defendant-Appellant Mark Shurtleff, Utah Attorney General.

C. Frederick Beckner III, Kathleen M. Mueller, Amy M. Markopoulos, and Adam Doverspike of Sidley Austin LLP, Washington, D.C.; Brent M. Johnson, Administrative Office of the Courts, Salt Lake City, Utah, for Defendant-Appellant Denise Posse Lindberg;
and
Jeffrey L. Shields, Mark Callister, Zachary Shields, and Michael D. Stanger of Callister Nebeker & McCullough, Salt Lake City, Utah, for Defendant-Appellant Bruce R. Wisan, Special Fiduciary.

Roger H. Hoole and Gregory N. Hoole, of Hoole & King, L.C., Salt Lake City, Utah, for Intervenors-Appellants Richard Jessop Ream, Thomas Samuel Steed, Don Ronald Fischer, Dean Joseph Barlow, Walter Scott Fischer, Richard Gilbert and Brent Jeffs.

Rodney R. Parker, Richard A. Van Wagoner and Frederick Mark Gedicks of Snow, Christensen & Martineau, Salt Lake City, Utah; Kenneth A. Okazaki and Stephen C. Clark of Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah, for Plaintiff-Appellee The Fundamentalist Church of Jesus Christ of Latter-Day Saints.

Before **BRISCOE**, Chief Judge, **BALDOCK** and **TYMKOVICH**, Circuit Judges.

**BRISCOE**, Chief Judge.

The defendants have filed interlocutory appeals from an order of the district court granting a preliminary injunction in favor of plaintiff, an association of individual members of the Fundamentalist Church of Jesus Christ of Latter-Day Saints and beneficiaries of a charitable religious trust ("FLDS Association"). After granting the defendants' motion for an emergency stay pending resolution of these appeals, we certified a question to the Utah Supreme Court regarding the preclusive effect under Utah law of dismissal, by reason of laches, of a petition for extraordinary writ. Having now received an answer from the Utah Supreme Court, we vacate the district court's grant of preliminary injunction and remand with directions to dismiss the claims filed by the FLDS Association as barred by res judicata.[1]

## I. Background

In October 2008, the FLDS Association filed a complaint in the United States District Court for the District of Utah seeking declaratory and injunctive relief regarding the Utah probate court's reformation and administration of a religious charitable trust, the United Effort Plan Trust ("UEP Trust"). The FLDS Association named the attorneys general of Utah and Arizona, Utah District Judge Denise Posse Lindberg, and the court-appointed special fiduciary for the UEP Trust, Bruce Wisan, as defendants in the suit. The FLDS Association alleged six claims for relief: (1) a claim for declaratory relief under 42 U.S.C. § 1983 alleging deprivation of the FLDS Association's rights under the

---

[1] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Establishment Clause and Free Exercise Clause of the United States Constitution; (2) a claim for declaratory relief under Article 1, Sections 1 and 4 of the Utah Constitution; (3) a claim for violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc; (4) a claim that Utah Code Ann. § 76-7-101, which prohibits plural marriage, is unconstitutional as applied under the United States Constitution and the Utah Constitution; (5) a claim that Utah Code Ann. §§ 75-7-1001, -412(1), and -413(1)(c) are unconstitutional as applied; and (6) a claim for injunctive relief against the defendants' continuing administration of the UEP Trust. The FLDS Association also moved for a temporary restraining order and preliminary injunction against the probate court's ongoing administration of the UEP Trust. The federal suit was then stayed pending the parties' settlement negotiations.

While the federal case was pending, the FLDS Association in October 2009 filed a petition for extraordinary writ in the Utah Supreme Court. The petition raised substantially similar claims as the federal complaint. The Utah Supreme Court dismissed the FLDS Association's petition and held that "the FLDS Association's claims regarding the . . . modification of the Trust are barred by the equitable doctrine of laches." Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Lindberg, 238 P.3d 1054, 1062 (Utah 2010). The Utah Supreme Court explained that "the FLDS Association has waited nearly three years from the date the [state] district court modified the UEP Trust to challenge its modification and, in the interim, transactions have occurred and other parties have acted in reliance on the Trust's modification." Id. In dismissing the FLDS

10

Association's petition, the Utah Supreme Court cited: 1) a lack of diligence with no adequate explanation from the FLDS Association for its three-year delay in filing its petition, and 2) the related injury resulting from the FLDS Association's lack of diligence to individuals who have relied upon the state district court's final order. Id. at 1064.

After the Utah Supreme Court issued its decision in Lindberg, the FLDS Association renewed its motion for temporary restraining order and preliminary injunction with the federal district court. After briefing from the parties and a hearing, the district court entered a temporary restraining order on December 13, 2010. The district court, in a memorandum opinion and order issued on February 24, 2011, then granted the FLDS Association's motion for a preliminary injunction. See Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Wisan, 773 F. Supp. 2d 1217, 1244-45 (D. Utah 2011). The district court independently found that there was "no basis for a finding of laches, especially with respect to the state's continuing administration of the Trust." Id. at 1236. The district court also found that the injury caused by the FLDS Association's delay in filing their case was "also not sufficient to serve as a basis for applying laches." Id. at 1237. Regarding the defendants' claim that the district court was bound by the Utah Supreme Court's ruling in Lindberg by res judicata and therefore must dismiss the case, the district court, without certifying the question to the Utah Supreme Court, held that "the Utah Supreme Court's finding of laches was not a judgment on the merits for res judicata purposes." Id. at 1239. Accordingly, the district court found that it was "not precluded from further action in this case." Id. The district court then

11

concluded that "the method the states chose to utilize in dealing with the Trust . . .

offend[s] the Constitution" and granted the FLDS Association's motion for preliminary

injunction. Id. at 1244.

The defendants appealed the district court's order granting preliminary injunction

and included in their arguments that the Utah Supreme Court's decision in Lindberg

precludes the FLDS Association from pursuing its claims in federal court. We certified a

question to the Utah Supreme Court regarding the preclusive effect of its decision in

Lindberg:

> Under Utah preclusion law, is the Utah Supreme Court's
> discretionary review of a petition for extraordinary writ and
> subsequent dismissal on laches grounds a decision "on the
> merits" when it is accompanied by a written opinion, such
> that later adjudication of the same claim is barred?

Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne, 465 F. App'x. 768,

771 (10th Cir. 2012).

The Utah Supreme Court accepted our question and, on October 2, 2012, issued an

opinion answering it.

## II. Discussion

### A. Standard of Review

"We review de novo the district court's conclusions of law on the applicability of

issue and claim preclusion." Valley View Angus Ranch, Inc. v. Duke Energy Field

Servs., Inc., 497 F.3d 1096, 1100 (10th Cir. 2007). "We review the grant of a preliminary

injunction for an abuse of discretion." Beltronics USA, Inc. v. Midwest Inventory

12

Distribution, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). "A district court abuses its discretion if it 'commits an error of law, or is clearly erroneous in its preliminary factual findings.'" Dominion Video Satellite, Inc. v. EchoStar Satellite Corp., 269 F.3d 1149, 1153 (10th Cir. 2001) (quoting Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1243 (10th Cir. 2001)). Further, "[b]ecause a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." Id. at 1154. Three types of preliminary injunctions are specifically disfavored: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. Id. at 1154-55. For these categories of disfavored preliminary injunctions, "the movant has a heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction." Id.

### B. Preclusion

In Utah, res judicata may apply as the result of either claim preclusion or issue preclusion. Claim preclusion "'is premised on the principle that a controversy should be adjudicated only once.'" Mack v. Utah State Dep't of Commerce, Div. of Sec., 221 P.3d 194, 203 (Utah 2009) (quoting Nebeker v. State Tax Comm'n, 34 P.3d 180, 186 (Utah 2001)). Utah applies a three-part test to determine whether a claim is precluded from relitigation:

> First, both [suits] must involve the same parties or their

13

privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action [because it arose from the same transaction or operative facts]. Third, the first suit must have resulted in a final judgment on the merits.

Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne, __P.3d__, No. 20120158, 2012 WL 4497640, at *3 (Utah Oct. 2, 2012) (alterations in original) (quoting Mack, 221 P.3d at 203).

In its answer to our certified question, the Utah Supreme Court concluded that "[a] decision like the one we reached in Lindberg is a decision 'on the merits' for res judicata purposes that would thus preclude a subsequent action on the same claims between the same parties." Id. at *1. The Utah Supreme Court explained that although its extraordinary writ jurisdiction is discretionary, its denial of the FLDS Association's petition was on the merits for res judicata purposes because Lindberg was decided "in light of [its] resolution of the merits of the [defendants'] affirmative defense of laches." Id. at *4. In addition, although Lindberg did not consider the FLDS Association's underlying constitutional claims, this omission was "neither fatal nor relevant to that decision's preclusive effect" because the court dismissed the FLDS Association's petition for extraordinary writ in accordance with Utah's laches standard. Id. at *6, *9 (explaining that the lack of diligence on the part of plaintiff and an injury to defendant owing to such lack of diligence are the two elements of laches in Utah). The Utah Supreme Court also found that the court's factual analysis in Lindberg was sufficient to sustain the preclusive effect of that decision and that constitutional claims are not immune

14

from the reach of a laches time bar. Id. at *9-12. Based on these reasons, the Utah

Supreme Court concluded that "a decision like the one reached in Lindberg—dismissing

an extraordinary writ on laches grounds—would preclude a subsequent claim brought in

Utah courts." Id. at 12.

Having now received the Utah Supreme Court's answer to our certified question,

we conclude that the FLDS Association is precluded from pursuing its claims in federal

court. Under 28 U.S.C. § 1738, Congress requires that "judicial proceedings . . . [of any

State] shall have the same full faith and credit in every court within the United States . . .

as they have by law or usage in the courts of such State." The Supreme Court has

interpreted § 1738 to mean that "federal courts [are required] to give preclusive effect to

state-court judgments whenever the courts of the State from which the judgments

emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980). See also Sierra Club

v. Two Elk Generation Partners, Ltd. P'ship, 646 F.3d 1258, 1264 (10th Cir. 2011) ("The

preclusive effect of a state court judgment in a subsequent federal lawsuit generally is

determined by the full faith and credit statute, 28 U.S.C. § 1738, which directs a federal

court to refer to the preclusion law of the State in which judgment was rendered."

(citations and quotations omitted)). In light of the Utah Supreme Court's answer, we

conclude that the district court erred in granting a preliminary injunction. More

specifically, we conclude that the district court erred in holding that the Utah Supreme

Court's finding of laches in Lindberg was not a judgment on the merits for res judicata

purposes. As the Utah Supreme Court has now made clear, Lindberg would have

15

preclusive effect in Utah courts.  In accordance with § 1738, we are required to give preclusive effect to <u>Lindberg</u>, and we conclude that FLDS Association is precluded from pursuing its claims in federal court.

Accordingly, we VACATE the district court's order granting preliminary injunction and REMAND with directions to dismiss the claims filed by the FLDS Association as barred by res judicata.